THOMAS V. CASSIDY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cassidy v. Commissioner
Docket No. 18125-80.
United States Tax Court
T.C. Memo 1986-133; 1986 Tax Ct. Memo LEXIS 474; 51 T.C.M. (CCH) 784; T.C.M. (RIA) 86133; April 3, 1986. *474 Held, P's motion under Rule 90(c), Tax Court Rules of Practice and Procedure, to enlarge the time in which to answer R's requests for admission and reply to interrogatories and P's alternative motion under Rule 90(e) to withdraw or modify admissions is denied. Held further, R's motion for summary judgment under Rule 121 that the Court determine a deficiency in income tax and additions to tax for fraud under section 6653(b), I.R.C. 1954, is granted. Thomas V. Cassidy, pro se. David R. Reid and Jeff P. Ehrlich, for the respondent. NIMS
MEMORANDUM *475 OPINION NIMS, Judge: This case is before the Court on petitioner's motion for extension of time to answer request for admissions and reply to interrogatories pursuant to Rule 90(c), [1] petitioner's alternative motion to withdraw or modify deemed admissions pursuant to Rule 90(e)[2] and respondent's motion for summary judgment under Rule 121. In the deficiency notice dated June 24, 1980, addressed to petitioner, respondent determined the following deficiencies: Additions to Tax
Tax Year Ended
Deficiency
Section 6653(b)
August 31, 1974
$12,865
$11,774
August 31, 1975
22,028
11,014
On September 24, 1980, petitioner, who was then a resident *476 of Illinois, filed a petition in this Court seeking a redetermination of the deficiencies and additions to tax as determined by respondent. Petitioner is an experienced attorney licensed to practice in Illinois. The issues for decision are whether the 30-day period provided by Rule 90(c) for filing an answer to a request for admission should be enlarged so as to permit petitioner's response thereto to be filed; if not, then whether petitioner should be allowed to withdraw or modify the deemed admissions pursuant to Rule 90(e); and whether respondent is entitled to summary judgment. Resolution of the latter issue is dependent upon the outcome of the first two issues. We will address each iissue in order. However, in the interest of clarity it is necessary preliminarily to set forth the prolonged and aggravated history of this case to date. Background
After the pleadings were closed, the Court set this case for trial on March 22, 1982, at Milwaukee, Wisconsin. The case was set for trial in Milwaukee because Stanley P. Gimbel (Gimbel), petitioner's counsel at that time, maintained his office in that city. Respondent avers in his motion for summary judgment that "[o]n *477 numerous occasions between December 30, 1980 and February 2, 1982, counsel for respondent attempted to informally consult with then counsel for the petitioner, Stanley P. Gimbel, in order to prepare the above-captioned case for trial. Counsel for petitioner did not provide respondent with answers to any of the questions posed or with any of the documents informally requested by the respondent." In petitioner's untimelly reply to respondent's motion for summary judgment, petitioner alleges that Gimbel's failure to cooperate in preparing this case for trial in March, 1982, was not of petitioner's own doing, and that he, himself, "repeatedly attempted to reach Gimbel [prior to the trial] but was unsuccessful. Petitioner then phoned the [Court] and discussed the problems he was having with Gimbel and the case with the court and a conflict he professionally had on March 22, 1982." When this case was called from the calendar for trial in Milwaukee on March 22, 1982, before this Court, Gimbel appeared and represented to the Court that he had written petitioner on December 15, 1981, advising petitioner of his, Gimbel's, desire to withdraw from further representation of petitioner. *478 Gimbel filed with the Court an affidavit to this effect dated March 9, 1982, in connection with his motion to withdraw from further representation of petitioner, which was granted. The transcript of the hearing before this Court on March 22, 1982, makes it clear that Gimbel disputed the reported representations made by petitioner in the telephone conversation with this Court to the effect that Gimbel was being uncooperative. Respondent's attorney, Joseph R. Peters, also represented to the Court that "I think Mr. Cassidy knew the case was set for trial sometime back, because I kept calling his office to try to speak to him, to see what his plans were and usually when I called, he was out of the office. But I did speak to him at least a month ago to ask him what his plans were and at that time, he said he would have to get back and confer with Stan Gimbel." At the conclusion of the hearing, the Court admonished Gimbel that "I assume you will advise Mr. Cassidy, if you will, please, that the next time he will receive notice of the setting of the trial and that he had better be prepared to go to trial at that time because there will be no additional continuances." Gimbel assured *479 the Court that "I'll personally make sure that he's aware of what was said at Court this morning." In his motion for summary judgment, respondent further alleges that, by letters dated April 27, 1982, August 19, 1982, October 1, 1982, and April 17, 1984, he informally requested petitioner to answer certain questions and produce certain documents relevant to the issues in dispute. Petitioner did not provide respondent with any of the information requested. On December 7, 1982, respondent served upon petitioner respondent's request for production of documents, together with respondent's interrogatories to petitioner. Petitioner failed to produce any of the documents requested or provide answers to any of respondent's interrogatories. On March 8, 1982, respondent served petitioner with a subpoena duces tecum requesting the production of certain documents and testimony. Petitioner did not comply with the subpoena. On April 13, 1982, the place of trial was changed to Chicago, Illinois, since Gimbel was no longer in the case and petitioner at that time resided in Springfield, Illinois. On November 14, 1983, the Court sent out a notice of trial on a trial calendar to commence *480 January 30, 1984, in Chicago. On January 3, 1984, there was filed with the Court respondent's notice of a proceeding in bankruptcy involving petitioner, which was followed by a Court order on January 4, 1984, that all proceedings would be automatically stayed. On March 13, 1984, petitioner received a discharge of debtor order along with an explanatory memorandum from the United States Bankruptcy Court for the Central District of Illinois. [3]
*481 On April 13, 1984, the bankruptcy court judge promulgated an order whereby the automatic stay previously in effect in petitioner's case was lifted "in order to permit the Tax Court proceeding between the parties now pending to proceed forward." On May 16, 1984, this Court entered an order which directed, in part, that the Clerk of the Tax Court calendar this case for trial at the first Chicago, Illinois, trial session during the 1984 fall term. On June 15, 1984, respondent filed with the Court, as required by Rule 90(b), a copy of his first requests for admission, with exhibits attached. On July 18, 1984, the Court issued its notice of trial of this case on a trial calendar commencing October 1, 1984, in Chicago. On August 22, 1984, respondent moved for leave to file respondent's motions to compel responses to respondent's interrogatories to petitioner and to compel the production of documents or to impose sanctions under Rule 104. The motion for leave to file was granted. On August 22, 1984, respondent also filed a motion for summary judgment based upon petitioner's deemed admissions and a memorandum in support thereof. On August 31, 1984, respondent's attorney advised *482 the Court by letter that the purpose of the letter "is to inform you that the petitioner has refused to either informally or formally discuss the facts and/or provide the respondent documents in connection with the pending case. Further, petitioner has indicated to Attorney Frank Agostino of this office that he may not appear for the call of the calendar on October 1, 1984. There are pending before the Court motions of the respondent for summary judgment (based upon deemed admissions) and to compel discovery." Petitioner was copied on the above letter, which was sent to him at P.O. Box 13168, Atlanta, Georgia 30324, his last known address. In response to the letter the Court wrote petitioner, with copy to respondent's attorney, advising petitioner of the receipt of respondent's letter and directing petitioner "immediately to communicate with counsel for the respondent . . . and to cooperate with him to the end that a proper stipulation of facts can be prepared for filing with the Court at 10:00 A.M. on October 1, 1984." On September 27, 1984 (which was the Thursday before October 1, 1984, the date on which the trial calendar which included this case was scheduled to commence), *483 an entry of appearance was filed by Manning K. Leiter (Leiter) to represent petitioner, and there was also filed by Leiter a motion for a general continuance of the trial. On October 1, 1984, when the case was called from the calendar petitioner's motion for continuance was denied. Also on October 1, 1984, respondent filed an amendment to motion for summary judgment addressing a statute of limitations defense raised in petitioner's petition. [4] The case was called for trial on October 2, 1984, at which time the effect of Rule 90(c)--that the facts recited in respondent's requests for admission were deemed admitted--was confirmed by the Court since petitioner had failed to respond to them within 30 days of service. *484 Since the facts stated in the requests for admission had thus been deemed admitted, the Court denied on the grounds of mootness respondent's motion to compel responses to interrogatories and to compel the production of documents. Petitioner was given until November 1, 1984, to file an opening brief in response to respondent's motion for summary judgment, and respondent was given until December 3, 1984, to file a reply brief. On November 13, 1984, petitioner filed a motion to dismiss with prejudice and motion for summary judgment on the ground that the deficiencies in issue were discharged in bankruptcy. At the same time petitioner also filed his "reply" to respondent's motion for summary judgment and amended motion for summary judgment asserting that assessment and collection of the deficiencies were barred because the period of limitations had not been extended by petitioner. This document, had it been a brief, was out of time by 12 days, but was nevertheless accepted and filed by the Court. Petitioner also submitted the document which was filed by the Court as a motion to enlarge the time for responding to respondent's requests for admission and within which to respond to *485 respondent's interrogatories. Perplexed by the possibility raised by an affidavit filed by petitioner implying that respondent had not properly mailed the requests for admission to petitioner on June 12, 1984, so that the 30-day period for response to the requests provided in Rule 90(c) had not commenced to run, the Court deemed an evidentiary hearing advisable. The Evidentiary Hearing
The Court held the above-mentioned evidentiary hearing on February 26, 1985, in Chicago, Illinois, pursuant to the following order dated February 7, 1985: On June 15, 1984, respondent filed a First Request for Admissions, with exhibits attached. Petitioner having failed to respond to respondent's First Request for Admissions within 30 days after service of same, as provided by Rule 90(c), Tax Court Rules of Practice and Procedure, respondent on August 22, 1984, filed a Motion for Summary Judgment based upon the deemed admissions of the facts stated in the aforesaid First Request for Admissions. At a hearing held on October 2, 1984, at Chicago, Illinois, the Court ruled that the facts stated in respondent's First Request for Admissions were deemed admitted, and petitioner was granted 30 days *486 from October 2, 1984, within which to argue the merits of the case in response to respondent's Motion for Summary Judgment. On November 13, 1984, petitioner filed a Motion to Dismiss With Prejudice and a Motion for Summary Judgment and submitted an affidavit of Susan J. Fasse averring that, as petitioner's employee, she retrieved respondent's First Request for Admissions from P.O. Box 13168, Atlanta, Georgia 30324, on September 4, 1984. She also averred that a portion of her job duties was to retrieve petitioner's daily mail from said post office box. The latter document was filed as a Motion to Enlarge Time for Request for Admissions and Reply to Interrogatories. Respondent has filed the affidavit of Connie M. Willis averring that respondent's First Request for Admissions was mailed to petitioner at P.O. Box 13168, Atlanta, Georgia 30324, on June 12, 1984. The premises considered, it is ORDERED that this case is calendared for hearing at a Special Session commencing at 10:00 A.M. on February 26, 1985, in the United States Tax Court, Room 3908 Kluczynski Federal Building, 230 S. Dearborn Street, Chicago, Illinois 60604, for the purpose of determining when respondent's First *487 Request for Admissions was mailed to petitioner. Receipt of evidence at said hearing will be limited to evidence relevant to such determination and on Petitioner's Motion to Enlarge Time for response to Request for Admissions and Replies to Interrogatories. It is further ORDERED that this order shall be served on petitioner individually at P.O. Box 13168, Atlanta, Georgia 30324, at 5813 N. Imperial Drive, Peoria, Illinois 61602, and upon petitioner's counsel, Manning K. Leiter, Room 2300, 55 West Monroe Street, Chicago, Illinois 60603, and upon respondent. It is further ORDERED that Petitioner's Motion to Dismiss With Prejudice and for Summary Judgment is denied. This order constitutes official notice to the parties of said hearing. Prior to the commencement of the hearing, a motion by Leiter to withdraw as petitioner's counsel was granted, and petitioner (as previously noted, himself an attorney) proceeded pro se. Petitioner takes the position that, since he did not receive respondent's requests for admission until September 4, 1984, the 30-day period within which to respond as provided in Rule 90(c) had not expired as of the time the case was called for trial on the October 1, 1984, trial *488 calendar. Conversely, respondent contends that the requests for admission were mailed and served on petitioner on June 12, 1984, and were mailed to the address furnished to respondent by petitioner. If the requests for admission were properly served by mail, petitioner would have had until July 13, 1984, to respond to the requests for admission. At the hearing petitioner himself testified and he also presented the testimony of Susan J. Fasse, the person whose affidavit was filed by the Court as a motion to enlarge the time within which to respond to respondent's requests for admission. Petitioner also introduced numerous exhibits. Respondent presented the testimony of Connie M. Willis, whose affidavit was filed by respondent in opposition to the affidavit of Fasse, and the testimony of Frank Agostino, respondent's attorney on each of the disputed dates. Respondent also introduced certain documents and called Leiter as a witness. Susan J. Fasse testified as follows: At the time of the hearing she was approximately 37 years of age and resided at 383 East Wesley Road, NE, Atlanta, Georgia. She was employed by petitioner as a "paralegal administrator" in Peoria, Illinois, from *489 January 1983, to September, 1983, at which time she moved to Atlanta. Commencing in October, 1983, and continuing until July, 1984, she worked part-time for Davison's Department Store in Atlanta. Petitioner lived in Fasse's house at 383 East Wesley Road in Atlanta from January, 1984, to sometime in August, 1984. During that time he also utilized space located on the ground floor of the house as office space. Petitioner was away from Atlanta from about June 1 to June 20, 1984. Fasse also worked part-time as a secretary, paralegal and investigator for petitioner, and also assisted him in a cable TV venture, from January, 1984, to May 26, 1984, on which date Fasse's grandmother died in Illinois. Fasse was with her mother in Delavan, Illinois, until June 6, 1984, when she flew back to Atlanta. She remained in Atlanta until August 7, 1984, when she flew back to Peoria to help her mother clean out her late grandmother's house in Delavan. On August 30, 1984, she returned to Atlanta. Fasse rented P.O. Box 13168, Atlanta, Georgia 30324, on November 29, 1983. The application for post office box, which petitioner introduced into evidence, indicates that Susan J. Fasse, Thomas V. *490 Cassidy and David Vincent were authorized to receive mail addressed to the box. Fasse testified that "David Vincent" is petitioner's television stage name. Fasse and petitioner continued to hold the box throughout the relevant time period involved in this inquiry. According to her testimony she checked the box on a daily basis except Sundays from June 6, 1984, to the end of that month, and did not receive any mail from the "Director of Internal Revenue from Springfield, Illinois, during the month of June of 1984." She also testified that she checked the box daily except Sundays throughout July, 1984, and received no mail "from the Springfield office of the Internal Revenue Service during the month of July." Fasse was away from Atlanta from August 7 to August 30 but she resumed checking the box on her return. On September 4, 1984, petitioner and Fasse drove in her car to the post office where the box was located and while petitioner waited in the car Fasse went in to check the mail. She brought an envelope to petitioner which she opened in the car in petitioner's presence. The envelope, which was introduced into evidence, was an ordinary letter-sized envelope, 4-1/4 by 9-1/2 inches. *491 According to Fasse it contained respondent's first requests for admission, respondent's second set of interrogatories to petitioner and respondent's second request for production of documents. The envelope is postmarked Springfield, Illinois, August 31, 1984. It shows no evidence of having been stuffed with a large packet of documents. Fasse explained the presence of three sets of holes in petitioner's copy of the requests, including one relatively large set of holes, indicating removed staples as being due to the fact that she took the document apart to copy it and then stapled it back together again, thereby increasing the size of the original holes. Connie M. Willis testified as follows: Between August, 1978, and January, 1985, Connie Willis was the secretary to the District Counsel, Internal Revenue Service, Springfield, Illinois. Her duties included managing and supervising the general clerical routine and the clerical staff of the office, devising and installing office clerical procedures and instructing secretarial and clerical personnel with respect to such procedures.She reviewed all outgoing mail to ensure that it conformed to established policy of the Office of *492 Chief Counsel. Respondent's office mailing procedures require that all correspondence be mailed on the same day it is dated. Further, all correspondence sent via certified mail is logged into the certified mail book and then taken to the Post Office on the same day it is dated by employees of respondent. Mail goes out of respondent's Springfield office in one of two-sized envelopes. The first, an ordinary letter-sized envelope, 4-1/4 by 9-1/2 inches, is utilized for short letters and correspondence of three pages or less. The second, a 9-1/2 by 12-1/4 inch envelope, is generally utilized for mailings in excess of three pages. All requests for admission, motions for summary judgment and all other extensive pleadings are mailed in a 9-1/2 by 12-1/4 inch envelope. According to respondent's office records, respondent's first requests for admission, respondent's second request for production of documents and respondent's second set of interrogatories were mailed to petitioner at P.O. Box 13168, Atlanta, Georgia 30324, by certified mail on June 12, 1984. A copy of a page from respondent's certified mail book indicating that a package was mailed to petitioner via certified mail *493 on June 12, 1984, was submitted in evidence. The June 12, 1984, postal stamp date was applied to the certified mail book by a United States postal employee. The documents, consisting of 50 pages in total, were mailed in a 9-1/2 by 12-1/4 inch envelope. Respondent's office records also show that a copy of a one-page letter mailed to this Court was sent to petitioner on August 31, 1984. There was additional testimony taken at the hearing which in substance was duplicative of the respective positions illustrated by the testimony of Fasse and Willis. Although we find it unnecessary to reconstruct the additional testimony here, we emphasize that careful consideration was given to th testimony of each witness. After examination of all the testimony, with particular attention being paid to the demeanor and consistency (or lack thereof) of the testimony of the witnesses, as well as the physical evidence before the Court, we conclude that respondent mailed the requests for admission to petitioner on June 12, 1984. Our conclusion is based first on the uncontroverted fact that petitioner received respondent's first requests for admission, respondent's second request for production of *494 documents and respondent's second set of interrogatories. Petitioner claims that these documents were received in a 4-1/4 by 9-1/2 inch envelope postmarked August 31, 1984. To support his contention, petitioner introduced the above-mentioned envelope and the documents so received. However, the documents introduced by petitioner, consisting of 18 pages, are missing exhibits "A" and "B," an additional 32 pages. Respondent's office records show that the entire 50 pages were sent to petitioner on June 12, 1984. Respondent's records also show that petitioner was sent a copy of a one-page letter on August 31, 1984. Moreover, respondent's office procedure would have required the 50 pages to be sent in a 9-1/2 by 12-1/4 inch envelope. Furthermore, the sheer volume of pages involved would have physically required a large envelope; i.e., larger than a 4-1/4 by 9-1/2 inch envelope. Petitioner's argument, although elaborately constructed, necessarily crumbles when subjected to close scrutiny. It appears obvious that petitioner and Fasse, having recognized the physical implausibilities of their story, removed the attached exhibits, thereby reducing the total number of pages by 32. However, *495 the documents they received by their own admission contained 18 pages, well over a number that could reasonably be expected to be mailed in a business letter-sized envelope without the envelope (which was viewed by the Court) manifesting some evidence of having been stuffed with 18 pieces of paper. This envelope did not. In addition, the Court observed that at one time the request was stapled with an over-sized staple, the kind that would be necessary to staple 50 pages. Fasse's explanation for the oversized staple holes, that several staplings near the same area could have caused the holes, is implausible. The more plausible explanation is that petitioner and Fasse fabricated their testimony in an effort to avoid the consequences of petitioner's continued deliberate disregard for his responsibilities in connection with this case, including his disregard for the requirement of Rule 90(c) that requests for admission are to be answered within 30 days. Petitioner made no response at all to the request until well after the unfortunate consequences of his "stonewalling" approach came home to him at the Court's sessions in Chicago on October 1 and 2, 1984. We think the evidence *496 is totally convincing that respondent properly mailed and served the requests for admission to petitioner on June 12, 1984, and we so find. Having determined that respondent's first requests for admission were mailed to petitioner on June 12, 1984, we now proceed to rule on the pending motions. Motion for Extension of Time
Rule 21(b) provides in general that service of all papers other than the petition made by mail directed to the party or his counsel at his last known address shall be complete upon mailing and the date of mailing is to be the date of service. Consequently, petitioner was served with respondent's first requests for admission on June 12, 1984. Under Rule 90(c), each request for admission is deemed admitted unless an answer is served on the requesting party "within 30 days after service of the request * * *." The Court, in its discretion, may allow a party more than 30 days to respond. However, a motion to extend the time to file responses must be made prior to the expiration of 30 days following service of the rquests. Morrison v. Commissioner,81 T.C. 644, 646-647 (1983). *497 If no motion is filed within this time period, each request is automatically deemed admitted without the entry of any order by the Court. 81 T.C. at 647. In the instant case, respondent's requests for admission were served on petitioner on June 12, 1984. Each request contained therein was therefore deemed admitted on July 13, 1984. [5]Rule 90(c); Dahlstrom v. Commissioner,85 T.C. 812 (1985); Freedson v. Commissioner,65 T.C. 333, 334-336 (1975), 565 F.2d 954 (5th Cir. 1978). Accordingly, petitioner's motion for extension of time to answer requests for admission filed on November 13, 1984, is untimely and is denied. Motion to Withdraw Admissions
Under Rule 90(e) an admission *498 may be withdrawn or modified (1) if the withdrawal or modification would subserve the presentation of the merits of the case and (2) if the party obtaining the admission "fails to satisfy the Court that the withdrawal or modification will prejudice him in prosecuting his case or defense on the merits." As already substantively demonstrated, petitioner has consistently ignored all of respondent's discovery and stipulation efforts in flagrant violation of the Rules of this Court. At least one reasonable inference which may justifiably be drawn from this course of conduct is that the facts, if disclosed, would not support petitioner's position herein. It is therefore implausible to assume that the withdrawal of the deemed admissions would subserve the presentation of the merits of the case--the first criteria of Rule 90(e). As to the second criteria, it has been convincingly demonstrated that the withdrawal of the admissions would prejudice respondent in presenting his case on the merits. In Morrison v. Commissioner,supra at 649, we stated that "[a] party will be prejudiced by the withdrawal of admissions if he has relied on them and will suffer delay, added *499 expense, and additional effort because of the withdrawal." Here, respondent has relied in good faith on the binding effect of the deemed admissions to prepare his motion for summary judgment. Moreover, as revealed by the entire six-year history of this case, respondent has made repeated good faith efforts to comply with the Court's Rules regarding preparation for trial. Petitioner, on the other hand, has consistently attempted to thwart those efforts. Each and every attempt by respondent to move this case forward has been met by aggravated dilatory tactics on the part of petitioner. Failing to respond to the requests for admission is only one example of petitioner's many actions, deliberate and culpably negligent, resulting in the obstruction and delay of the resolution of this case. Petitioner made no suggestion prior to the time respondent filed his motion for summary judgment that he intended to file a motion to withdraw his deemed admissions. In fact, petitioner's filing of the Fasse affidavit on November 13, 1984, was deemed to be a motion to withdraw the deemed admissions only because the Court characterized it as such. The motion, such as it was, was filed four months *500 after the admissions were deemed admitted and more than two and one-half months after respondent had filed his motion for summary judgment. See Dahlstrom v. Commissioner,85 T.C. 812 (1985) (motion by taxpayers to withdraw admissions, filed two months after they were deemed admitted and one month after Commissioner's summary judgment motion was filed, denied). Thus, because respondent relied in good faith on petitioner's failure to reply or object to the requested admissions, withdrawal of the deemed admissions would result in undue prejudice to respondent's presentation of this case. Morrison v. Commissioner,supra.
Moreover, withdrawal of the admissions would cause further delay of this case, which when measured against any conceivable benchmark has already been unduly prolonged. We believe petitioner will continue to pursue his dilatory methods if respondent is required to again prove at trial the facts now deemed to be admitted. Accordingly, as we found in Morrison v. Commissioner,supra at 650, when "we weigh our interest in diligence of litigation and the prejudice to respondent against petitioner's desire for *501 a trial on the merits, the scales fall far on the side of respondent." Consequently, petitioner's motion to withdraw deemed admissions is denied. Motion for Summary Judgment
Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Respondent takes the position that the facts deemed admitted *502 under Rule 90(c) are sufficient to sustain his deficiency determination as well as satisfy his burden of affirmatively proving fraud. Petitioner, although given the opportunity to respond to respondent's motion, has failed to raise any argument in opposition to respondent's motion other than those based on the two motions previously decided adversely to petitioner. Nevertheless, we proceed in light of the admissions before us to determine their sufficiency for purposes of summary judgment. The following facts are deemed admitted for purposes of this case: 1. The copies of income tax returns attached to respondent's request for admissions and marked as Exhibits A and B, respectively, are true and correct copies of the Federal income tax returns filed by petitioner for the taxable years ended August 31, 1974 and August 31, 1975 (hereinafter sometimes referred to as the 1974 and 1975 returns, respectively). 2. During the taxable years ended August 31, 1974 and August 31, 1975, petitioner received legal fees of $14,586.00 and $32,875.00, respectively, that were not reported on his Federal income tax returns for those years. 3. During the years ended August 31, 1974 and August 31, 1975, petitioner *503 was not entitled to claim depreciation on his personal automobile in excess of that allowed by respondent in the notice of deficiency. 4. During the year ended August 31, 1974, none of the $100.00 claimed by petitioner to have been paid to the Central Illinois Racquet Club was expended for the purpose designated. 5. Expenses claimed to have been paid to the Central Illinois Racquet Club were personal in nature and not ordinary and necessary business expenses. 6. Petitioner did not incur more than $1,346.00 and $3,010.00 in the years ended August 31, 1974 and August 31, 1975, respectively, in deductible travel and entertainment expenses. 7. None of the "travel and entertainment" expenses claimed by petitioner in excess of that allowed by respondent in the notice of deficiency on his 1974 and 1975 returns were expended for the purpose designated. 8.The travel and entertainment expenses claimed by petitioner in excess of that allowed by respondent in the notice of deficiency on his 1974 and 1975 returns were personal expenses of petitioner and not ordinary and necessary business expenses. 9. Petitioner used entirely for his own benefit all monies claimed expended on travel *504 and entertainment expenses during the years 1974 and 1975. 10. None of the $1,288.00 claimed by petitioner on his 1975 return as business gifts was expended for the purposes designated. 11. None of the $1,288.00 claimed by petitioner as business gifts on his 1975 return gualified as ordinary and necessary business expenses. 12. Petitioner used entirely for his own benefit all monies claimed as business gifts. 13. Petitioner is unable to substantiate any of the expenses disallowed by respondent in his notice of deficiency. 14. Petitioner knew at the time he filed his 1974 and 1975 income tax returns that he could not substantiate any of the disallowed deductions. 15. During the years 1974 and 1975, procedures set up by petitioner's accountants required petitioner's office personnel to deposit petitioner's legal fees into the law firm's bank account and post the income to an income ledger. 16. Petitioner caused the circumvention of these procedures by drawing advances against his legal fees. 17. Petitioner knew that these advances were not picked up by his bookkeeper and that these advances would not subsequently be posted to an income ledger. 18. Petitioner *505 unlawfully withdrew money from his professional trsut account. 19. Petitioner retained sole authority to sign checks on his business bank accounts. 20. Petitioner was continuously aware of receiving legal fees in excess of those reported on his income tax returns. 21. Petitioner fraudulently and with intent to evade taxes omitted from his income tax returns for the taxable years ended August 31, 1974 and August 31, 1975, a substantial portion of his gross income. Based on th foregoing deemed admissions, we find that respondent has satisfied his burden of proving that no genuine issue of material fact exists as to respondent's underlying deficiency determination and that respondent is entitled to a decision with respect to his underlying deficiency determination as a matter of law. Marshall v. Commissioner,85 T.C. 267 (1985). In addition, for the following reasons, we find that respondent has satisfied his burden with respect to the additions to tax for fraud under section 6653(b). Fraud is defined as an intentional wrongdoing designed to evade tax believed to *506 be owing. Professional Services v. Commissioner,79 T.C. 888, 930 (1982). The burden of proof rests on respondent to show by clear and convincing evidence that some portion of the understatement of income for each year was due to fraud with the intent to evade tax. Miller v. Commissioner,51 T.C. 915 (1969); section 7454(a); Rule 142(b). Respondent must establish (1) that petitioner underpaid his taxes during each year and (2) that some part of petitioner's underpayment each year was due to fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983). Petitioner is deemed to have admitted facts which overwhelmingly establish substantial, intentional omissions of taxable income. Likewise, the admissions are repleat with the reguisite indicia of fraud. Marshall v. Commissioner,supra;Doncaster v. Commissioner,77 T.C. 334 (1981). Specifically, petitioner has admitted to not reporting substantial amounts of income and that he purposefully circumvented procedures set up by his accountants to accomplish this reporting omission. In addition, petitioner admitted to claiming non-existent deductions *507 and business expenses which were in fact expenditures for his personal benefit. We note that our conclusion is buttressed by petitioner's dilatory tactics throughout the prosecution of this case as well as his deliberate attempt to circumvent the consequences of his actions by way of fabricated testimony. We therefore find that the facts deemed admitted under Rule 90(c) are sufficient to satisfy respondent's burden of proving that some portion of the understatement of income was due to fraud with the intent to evade tax. Marshall v. Commissioner,supra.
Accordingly, respondent's motion for summary judgment is granted as to the deficiencies and additions to tax for fraud in the amounts stated. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 in effect for the years in question. ↩
2. On November 13, 1984, petitioner filed a document entitled Affidavit of Receipt of Requests to Admit and Receipt of Written Interrogatories which this Court has construed to be Petitioner's version of a Rule 90(c) or (e) motion. Accord, Morrison v. Commissioner,81 T.C. 644↩ (1983).
3. On November 13, 1984, petitioner filed petitioner's motion to dismiss with prejudice and motion for summary judgment. Petitioner's motion was based on his contention that his tax liability was discharged in bankruptcy. We summarily denied petitioner's motion because petitioner's contention is on its face inconsistent with the explanatory memorandum attached to petitioner's Discharge of Debtor order and the April 13, 1984, order issued by the same bankruptcy judge lifting the automatic stay to permit this case to go forward in the Tax Court. Moreover, the redetermination of an income tax deficiency has "nothing to do with collection of the tax nor any similarity to an action for collection of a debt * * *." Swanson v. Commissioner,65 T.C. 1180, 1184 (1976). Accordingly, if there is any question as to the collectability of any income tax deficiencies, which we doubt, that question is beyond the jurisdiction of this Court. Graham v. Commissioner,75 T.C. 389, 399↩ (1980).
4. On November 13, 1984, petitioner filed petitioner's reply to respondent's motion for summary judgment and amended motion for summary judgment. Petitioner's reply to respondent's amended motion for summary judgment contended that the statute of limitations had expired. On February 7, 1985, we summarily denied petitioner's above-referenced amended motion because where a false or fraudulent return with intent to evade any tax has been filed, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment at any time after such false or fraudulent return is filed. Estate of Temple v. Commissioner,67 T.C. 143, 159-160 (1976); Harper v. Commissioner,54 T.C. 1121, 1142↩ (1970); section 6501(c)(1). We note that irrespective of section 6501(c)(1) respondent has presented valid extensions.
5. Rule 90(b) requires the original requests for admission to be filed with the Court along with a certificate of service. Rule 90(c), however, begins the 30-day time limit for responding from time of service which is the time of mailing pursuant to Rule 21(b)↩.