**CREEDON v. TAUBMAN.**

Civ. No. 24904.

District Court, N. D. Ohio, E. D.

Dec. 23, 1947.

Paul Marshall, of Cleveland, Ohio, for plaintiff.

Arthur J. Ritari, of Fairport Harbor, Ohio, for defendant.

JONES, District Judge.

In this case the motion for leave to file answer to request for admissions was not filed until September 11, 1947, one week after the filing of the motion for sum-

mary judgment. The request for admissions was filed August 12, 1947. In such circumstances I do not see how the illness of the defendant can present substantial reason for not responding earlier. Nor were any answers tendered with the motion. Extensions always may be asked for, and usually are granted upon a showing of good cause, if timely made, Federal Rules of Civil Procedure, rule 6(b) (1), 28 U.S.C.A. following section 723c; but upon the facts presented here it does not appear to be a case calling for the permission provided by Rule 6(b) (2). Now to grant a motion to permit the latter filing of answer to the plaintiff's request for admissions not only would prejudice the plaintiff's pursuit of remedy and entail further delay, but it would put a premuim upon lack of diligence.

The case arose under the 1942 Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., now lapsed. The complaint was filed on May 2, 1947 and relates to alleged violations committed between April 28, 1946 and February 28, 1947. It is in the interest of closing out such litigation that the action hereinafter noted seems abundantly justified and, as I think, without undue prejudice to the defendant's rights.

The motion for leave to file will be denied, and upon the facts presented, summary judgment may be entered for the sum of $165, which is calculated as treble damages. The demand for mandatory injunctive relief in respect of restitution is thought not likely to be effective and, if granted, has in it potentialities of further proceedings.