**Laura B. GOODMAN**

v.

**Sidney L. NEFF et al.**

v.

**DIOTRON, INC., et al.**

**Civ. A. No. 34574.**

United States District Court
E. D. Pennsylvania.

March 10, 1966.

See also D.C., 251 F.Supp. 562.

Polis & Polis, Philadelphia, Pa., for plaintiff.

Bruce B. Wilson, Philadelphia, Pa., for Laird, Bissell & Meeds.

JOHN W. LORD, Jr., District Judge.

This is the third of a series of orders filed on consecutive days in connection with various motions on the part of several parties to the captioned action. As before, the defendant firm of Laird, Bissell & Meeds will be called simply Laird.

The present motion is a consequence of certain Requests for Admissions under Fed.R.Civ.P. No. 36 filed by Laird on May 24, 1965, specifying 30 days within which plaintiffs might respond.

■ The effect of Federal Rule No. 36 is not challenged, so the following succinct statement of its effect will suffice for the immediate purposes:

"* * * When a party to whom requests for admissions are directed fails to respond either with a sworn denial or a sworn detailed explanation of his inability to admit or deny, the requests are deemed admitted. Fed.R.Civ.P. 36(a)." Villarosa v. Mass. Trustees of E. G. & F. Associates, 39 F.R.D. 337 (E.D.Pa., Jos. S. Lord, III, J., Jan. 13, 1966).

The present motion is directed toward a specified order of this Court, and certain purported responses of plaintiffs filed pursuant thereto. No real questions

as to the requests for admissions themselves, or the effect of the filing thereof, are perceived. It is true that the motions, affidavits, reported arguments, and supporting briefs cover considerable territory. No good purpose, however, would be served by attempting to encompass that entire range of contention. The dispute raises no novel or difficult questions of law; the problem has been simply to choose between quite divergent accounts of the same conversations and transactions. And after careful study and consideration, this Court has determined to grant the motions of the defendant, Laird, for the reasons stated in its motions and supporting briefs, all of which are of course on file.

As already stated, Laird's requests for admissions specified 30 days within which plaintiffs might respond, and were filed on May 24, 1965. Nothing happened in response thereto for almost seven months. Then on December 21, 1965, plaintiffs filed *ex parte* their motion for an extension of time within which to answer—no notice whatsoever having been given to defendant Laird.

This Court was quite unaware of the circumstances which underly the present motion and in particular was without knowledge of the facts subsequently brought to its attention by the subsequent affidavit of Robert L. Trescher, Esq. Such was the state of affairs when on December 21, 1965, this Court signed what appeared to be a routine order in course.

■ It is that order which is the target of the present motion, together with the purported responses filed by plaintiffs on December 23, 1965, the same being answers directed to the aforesaid requests for admissions of May 24, 1965.

The case made out on Laird's motion is that it was misled into relying upon the assumption that plaintiffs admitted the matters set out in the Requests. That reliance was based upon the simple fact of the failure to respond within the specified 30 days, plus certain personal representations set out in the supporting affidavit of Robert L. Trescher, Esq.,

former counsel for defendant Laird. The allegations of the affidavit, and representations as to resulting prejudice, were not successfully controverted, and are deemed conclusive of the issue.

And now, this 10th day of March, A.D. 1966, the captioned motions are granted and it is so ordered.