ROGER B. MORRISON AND SUSAN T. MORRISON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 28476–81.    Filed September 27, 1983.

*Joseph W. Weigel,* for the petitioners.
*James M. Klein,* for the respondent.

OPINION

SHIELDS, *Judge*: Respondent determined that there was a deficiency of $975 in the income tax due from the petitioners for 1978. The deficiency resulted from the respondent's disallowance of a miscellaneous deduction claimed by the petitioners in the amount of $13,089 allegedly paid by them for information, advice, and/or forms to be used in establishing a so-called family trust.

On November 23, 1981, the petitioners who were then residents of Illinois filed a petition in this Court seeking a redetermination of the deficiency. The petitioners, however, failed to set forth in their petition a clear and concise

assignment of the errors and a clear and concise statement of the facts upon which they rely as required by Rule 34(b).[1] In fact, in this respect, the petition is so broad and indefinite that it could apply to almost any deficiency notice.[2]

On January 25, 1982, respondent filed an answer to the petition and thereafter, pursuant to Rule 91, the respondent attempted to informally confer with counsel for the petitioners in order to ascertain the specific issues involved and in order to develop and stipulate where possible the pertinent facts. Failing in this attempt, the respondent then served a request for admissions upon counsel for the petitioners pursuant to Rule 90(a).

In his request for admissions, respondent erroneously referred to the source of the trust materials as being Educational Scientific Publisher. In order to correct this error, respondent served on counsel for petitioners a second request for admissions in which he changed all references to Educational Scientific Publisher in the first request to Family Estate

---

[1] All section references are to the Internal Revenue Code of 1954 as amended during the years in issue. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.

[2] Pars. 4 and 5 of the petition read as follows:

"4. The determination of tax set forth in said Notice of Deficiency is based upon the following errors:

"a. The income tax returns as filed correctly reflect the income and expenses of the Petitioner.

"b. Petitioner disagrees with all of the adjustments and changes reflected in the Notice of Deficiency.

"c. The adjustments and changes reflected in the Notice of Deficiency are arbitrary and capricious on the part of the Commissioner; they are not supported by the facts nor the applicable law; and the Commissioner has not met any burden of proof under the 'due process' clause of the Constitution of the United States of America and its amendments, in addition to burdens of proof referred to in Rule 142(b), (c), (d) and (e) of the Rules of Practice and Procedure of the United States Tax Court.

"5. The facts upon which the Petitioner relies, as the basis of the Petitioner's case, are as follows:

"a. The income tax returns as filed correctly reflect the income and expenses of the Petitioner.

"b. The facts which the Commissioner claims support the attached Notice of Deficiency are incorrect and not supportable by credible, competent evidence.

"c. The alleged 'facts' upon which the Commissioner relies as a basis for the attached Notice of Deficiency has [sic] no foundation in truth and in fact, but are mere conclusory speculations on the part of the Commissioner.

"d. Petitioner contests and disputes each and every individual fact which forms the basis for the attached Notice of Deficiency.

"e. The Commissioner has not given the taxpayer credit for itemized deductions and expenses."

Publishers. The first request was served on March 31, 1982, and the second request was served on May 10, 1982.

On August 2, 1982, the respondent filed a motion under Rule 121 for summary judgment based in large part upon facts deemed to be admitted under Rule 90(c) because petitioners had failed to answer the requests for admissions within the 30 days provided by Rule 90(c). Respondent's motion was calendared for hearing on September 20, 1982. At the hearing, counsel for petitioners appeared in opposition to respondent's motion and also filed at that time a motion for enlargement of the time within which he could file an attached answer to respondent's requests for admissions. Respondent objected to the motion for enlargement of time, and, thereafter, counsel for each party filed a memorandum brief in support of his motion and in opposition to the motion of the other party. Respondent also filed an affidavit in support of his motion.

The issues for our consideration and the order in which they will be considered are as follows: (1) Should the 30-day period provided by Rule 90(c) for filing an answer to a request for admissions be enlarged after such period has expired so as to permit the petitioners' answer to be filed? (2) If the 30-day period is not enlarged, should the motion by petitioners be considered as a motion under Rule 90(e) to withdraw or modify the deemed admissions and, if so, is this a proper case in which to allow withdrawal or modification? (3) Under the circumstances, is the respondent entitled to summary judgment?

### Motion for Enlargement of Time—Rule 90(c)

Petitioners contend that their motion to enlarge the time for filing an answer to the request for admissions can still be granted because under Rule 90(c), the answer can be filed within 30 days "or within such shorter or longer time as the Court may allow." They also point to Rule 25(c) which states that "Unless precluded by statute, the Court in its discretion may make longer or shorter any period provided by these Rules." From the quoted portions of Rules 90(c) and 25(c), petitioners argue that we have discretionary authority to enlarge the time for filing an answer to the requests for admissions even though the 30 days provided by Rule 90(c) has expired. Their view of Rule 90 as set forth in their brief is as follows:

if a party fails to obey an order made by the Court with respect to Rule 90 the Court can make such orders as to the failure as are just including an order that the designated facts be taken as established, etc. Counsel's point is that the Rules with respect to sanctions for discovery generally contemplate first of all an application to the Court by the party making the discovery; then a Court order to comply; and only if the other party fails to comply with the Court order, sanctions including establishment of the designated facts.
\* \* \*

We have previously considered and rejected petitioners' argument. In *Freedson v. Commissioner*, 65 T.C. 333 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978), we pointed out that Rule 90(c) was adapted from rule 36(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and that rule 36(a) "has been interpreted to require affirmative action to avoid an admission. If no answer or objection is made within the time prescribed by the rule or the time fixed by the Court, the statements in the request are deemed admitted without the entry of any order by the Court." We then concluded that "Rule 90 of the Rules of this Court contemplates that a party's failure to respond to a request will result automatically in the admission of the statements in the request without the necessity of a confirming order." *Freedson v. Commissioner, supra* at 334–336.

From the foregoing, it is apparent that each statement set forth in respondent's requests for admissions was deemed to be admitted upon the expiration of the 30 days provided by Rule 90(c). Since the 30-day period expired long before the petitioners' motion to enlarge the time was filed, the motion is untimely and will be denied.

*Motion To Withdraw or Modify Admissions—Rule 90(e)*

The petitioners, however, have correctly pointed out that under Rule 90(e) we may on motion permit the "withdrawal or modification of the admission." Rule 90(e) was derived from, and in content is almost identical to, rule 36(b), Fed. R. Civ. P. An untimely motion under rule 36(a), Fed. R. Civ. P., to enlarge the time for filing an answer or an objection has been treated as a motion under rule 36(b), Fed. R. Civ. P., to withdraw or modify a deemed admission. See *Warren v. International Brotherhood of Teamsters*, 544 F.2d 334 (8th Cir. 1976); *United States v. Cannon*, 363 F. Supp. 1045 (D. Del.

1973). We, therefore, shall consider petitioners' untimely motion for an enlargement of time under Rule 90(c) as a motion under Rule 90(e) to withdraw or modify the deemed admissions. Rule 1(a). We consider this to be the preferred method in treating a motion such as that filed herein.

Rule 90(e) provides that an admission may be withdrawn or modified (1) if the withdrawal or modification would subserve the presentation of the merits of the case, and (2) if the party obtaining the admission (the respondent in this case) "fails to satisfy the Court that the withdrawal or modification will prejudice him in prosecuting his case or defense on the merits." With regard to the first criterion, it is apparent that the presentation of the merits in this case would be subserved by withdrawing the deemed admissions. This is true because there is only one issue and the deemed admissions deal specifically with the key facts in the case, such as whether petitioners paid certain amounts to Family Estate Publishers and for what purposes such amounts were paid. These facts would be subject to contest if the deemed admissions were withdrawn. *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192 (D. Conn. 1976); *Pleasant Hill Bank v. United States*, 60 F.R.D. 1 (W.D. Mo. 1973). In the absence of a withdrawal or modification, there would be no factual dispute as pointed out hereinafter with respect to respondent's motion for summary judgment.

The question of whether respondent would be prejudiced by the withdrawal is more complicated. Our Rule 90, like rule 36, Fed. R. Civ. P., contemplates that a party can depend on the admissions which he or she has secured because it provides a means to conclusively establish the facts covered by the requested admissions. The 1970 Advisory Committee's Notes to rule 36(b), Fed. R. Civ. P., make this clear:

Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.

As a result, in determining the matter of prejudice, we should not "lightly weigh the burdens of establishing admissions" on a party, such as the respondent in this case, who properly uses Rule 90 to advance litigation initiated by the opposing party. *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663 (N.D. W. Va. 1975). Neither should we find prejudice merely because

the party obtaining the admissions is forced to pursue his case on the merits. See *Warren v. International Brotherhood of Teamsters, supra.* Contra *Kirkland v. Cooper,* 438 F. Supp. 808 (D. S.C. 1977).

A party will be prejudiced by the withdrawal of admissions if he has relied on them and will suffer delay, added expense, and additional effort because of the withdrawal. For example, in *Weva Oil Corp. v. Belco Petroleum Corp., supra,* the court refused to allow the late filing of answers to requested admissions because the requesting party would have been put to "lengthy, laborious and costly" effort to prove the matters contained in the admissions. Similarly, in *Goodman v. Neff,* 251 F. Supp. 565 (E.D. Pa. 1966), the court refused to allow a response to be filed 7 months late because the requesting party would have been prejudiced by lack of notice and by his reliance on the binding effect of the deemed admissions. Finally, in *Brennan v. Varrasso Bros., Inc.,* 17 Fed. R. Serv. 2d 718 (D. Mass. 1973), a response was denied after 10 months had passed because the requesting party had released certain witnesses, and the burden of relocating them would have been substantial. See also *Berry v. United States,* 157 F. Supp. 317 (D. Ore. 1957); *Creedon v. Taubman,* 8 F.R.D. 268 (N.D. Ohio 1947).

In the present case, we are satisfied that the respondent will be prejudiced if, at this late date, petitioners are permitted to withdraw the deemed admissions. Like the requesting party in *Goodman,* respondent has relied on the binding effect of the admissions and has been surprised. Until this case was called on respondent's motion for summary judgment, which was over 5 months after respondent filed his request for admissions, petitioners made no suggestion that they wanted to withdraw their deemed admissions. To say the least, respondent's work on the motion for summary judgment, in reliance on the admissions, would be wasted, if the admissions are withdrawn. *Creedon v. Taubman, supra.*

More importantly, similar to the requesting party in *Weva,* respondent will have added expense if forced to prove the deemed admissions. In this connection, counsel for petitioners has refused to proceed with discovery in any manner. He did not answer respondent's request for a stipulation conference and failed to reply to either of respondent's requests for

admissions. From his brief, he appears to be under the impression that he is not required to comply with the Court's Rules on discovery until he is ordered to do so by the Court.

Furthermore, his lack of cooperation does not stem from any bona fide inability to reach agreement on the facts, to narrow the issues, or to stipulate. Instead, his failure to comply with discovery procedures appears to be his mode of practice before this Court. According to respondent's affidavit, counsel for the petitioners has refused to meet, stipulate, or respond to requests for admissions in at least five other dockets now pending in this Court. If we permit the admissions to be withdrawn, the aforesaid course of conduct, if continued by counsel for petitioners, would cause respondent to have to go to even greater expense in time and effort in order to prove the admissions. Additionally, the increased burden would be caused by the very parties who seek to withdraw the deemed admissions and would severely prejudice respondent.

In this case, when we weigh our interest in diligence of litigation and the prejudice to respondent against petitioners' desire for a trial on the merits, the scales fall far on the side of respondent. In the exercise of discretion, we are bound to construe our Rules "to secure the just, speedy, and inexpensive determination of every case." Rule 1(b). We conclude, therefore, that in this case, it would be an abuse of discretion to permit the petitioners to withdraw or modify the deemed admissions. Accordingly, the motion will also be denied in this respect.

### Motion for Summary Judgment—Rule 121

Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). However, we must construe the facts before us in a manner most favorable to the petitioners as the

party opposing the motion for summary judgment. *United States v. Diebold*, 369 U.S. 654 (1962).[3]

To show that there are no material disputed facts, respondent relies upon his affidavit, the notice of deficiency, the pleadings, and the deemed admissions. As stated before, the deemed admissions constitute facts which have been conclusively established under Rule 90(c). Petitioners have set forth no specific facts, as required by Rule 121(d), tending to show that the admissions are incomplete, misleading, or taken out of context. Instead, petitioners have rested entirely upon their petition. However, their petition does not contain a clear and concise statement of the facts upon which they rely. See note 2 *supra*. It does contain an admission that their name and correct address appear in the deficiency notice which is incorporated by reference and which is described, without explanation, as not being supportable in truth or fact.

We have examined all of the materials in the record, including the notice of deficiency, pleadings, admissions, respondent's affidavit, and the parties' memoranda. We have construed the facts therein most favorably to petitioners, who are the nonmoving parties,[4] and against respondent. Based on our review of the materials, we conclude that there is no genuine issue of material fact and that this case is appropriate for disposition as a matter of law by summary judgment.

Consequently, we will proceed to a consideration of the issue concerning the itemized deduction of $13,089 which the petitioners claimed on their 1978 income tax return under the heading of "miscellaneous." On the return, the deduction was described only as the "R. B. Morrision Educational Trust." However, according to the deemed admissions, petitioners expended the sum for a packet of written materials paid to Family Estate Publishers to effectuate the formation of a family trust.

---

[3]The Supreme Court in *United States v. Diebold, Inc.*, 369 U.S. 654 (1962), was interpreting rule 56 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.). Rule 121 of the Tax Court Rules of Practice and Procedure is derived almost verbatim from rule 56, Fed. R. Civ. P., 60 T.C. 1126–1129 (1973). We interpret the Tax Court Rules consistently with their Fed. R. Civ. P. counterparts. See, e.g., *Sundheim v. Commissioner*, T.C. Memo. 1981–139; *Raemer v. Commissioner*, T.C. Memo. 1981–138. See also Rule 1, Tax Court Rules of Practice and Procedure.

[4]*Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Diebold, Inc.*, *supra* at 655.

Respondent determined that the sum was expended for personal purposes and disallowed the deduction. Petitioners contend that the deduction is allowable under section 212 because the expenditure was for the production of income, the management of income-producing property, and/or the determination of taxes.

Section 212 deals generally with expenses for the production of income and provides:

> In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
> (1) for the production or collection of income;
> (2) for the management, conservation, or maintenance of property held for the production of income; or
> (3) in connection with the determination, collection, or refund of any tax.

The admissions deemed to be established under Rule 90(c) include: (1) That the $13,089 was not expended by the petitioners for the production or collection of income; (2) that the sum was not expended by the petitioners with respect to any property held for the production of income; and (3) that said sum was not expended for tax return preparation or tax advice. In view of the facts established by the deemed admissions, it is apparent that the expenditure is not allowable as a matter of law under section 212.

The respondent's motion for summary judgment will be granted.

*An appropriate order and decision will be entered.*