RONALD AND NANCY CIMOROSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cimorose v. Commissioner
Docket No. 21952-82.
United States Tax Court
T.C. Memo 1987-189; 1987 Tax Ct. Memo LEXIS 186; 53 T.C.M. (CCH) 569; T.C.M. (RIA) 87189; April 9, 1987. *186 Ronald and Nancy Cimorose, pro se. Robert Ratchford, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before the Court on respondent's motion for summary judgment. Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1981 in the amount of $9,223.60 and an addition to tax under section 6653(a)(1) [1] in the amount of $461.18. The issue to be decided is whether respondent is entitled to summary judgment. On October 18, 1985, respondent served petitioners with requests for admissions which were filed with the Court on October 22, 1985. Petitioners neither filed a motion to extend the time for responding to the requests for admissions nor responded to the requests for admissions within the 30 day period allowed by Rule 90(c). This case was first set for trial in Philadelphia, Pennsylvania, on January 28, 1985, but, upon consideration of petitioners' informal request for a continuance, was continued *187 generally. This case was again set for trial on January 27, 1986, but, upon consideration of petitioners' motion to continue, was continued generally again. This case was then set for trial on December 8, 1986, and, after petitioners' motion for a continuance was denied by the Court, was called for trial. At the call of the calendar, respondent moved for summary judgment and filed his motion for summary judgment on December 11, 1986. Petitioners were ordered to file a response to respondent's motion for summary judgment on or before January 2, 1987, but petitioners failed to respond. Petitioners' attorney entered an appearance on January 27, 1987. After a telephone conference with the parties, the Court extended the time for petitioners to respond to respondent's motion for summary judgment to February 17, 1987. Petitioners filed an objection to respondent's motion for summary judgment stating as their grounds (1) that this motion should not proceed until petitioners have concluded proceedings in the state trial and appellate courts, and (2) that petitioners now generally deny all of respondent's requested admissions. Under Rule 90(c), requests for admissions are deemed admitted *188 unless an answer or objection is served on the requesting party "within 30 days of service of the request * * *." The Court in its discretion may allow a party more than 30 days to respond. Rules 90(c), 25(c). However, a motion to extend the time to file responses must be made prior to the expiration of the 30 days following service of the request. Morrison v. Commissioner,81 T.C. 644, 647 (1983); Freedson v. Commissioner,65 T.C. 333, 334-336 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978). If the time to file responses to the requests for admissions is not extended and no answers or objections to the requests for admissions are filed within the 30 day period, each request is automatically admitted without the entry of any order by the Court. Morrison v. Commissioner,supra at 647; Freedson v. Commissioner,supra at 334. Not only is petitioners' response to respondent's requested admissions too late, it does not meet the specificity required by Rule 90(c). Petitioners neither request that the admissions be withdrawn nor offer specific denials or objections to the requested *189 admissions with detailed reasons therefor. [2]
*190 The deemed admissions are as follows: 1. Petitioner Ronald Cimorose was arrested on January 31, 1981, at his Tunbridge apartment, in Middletown Township, Pennsylvania, by the Pennsylvania State Police Major Crimes Task Force and charged with the following violations of the State Controlled Substance, Drugs, Device and Cosmetic Acts: (a) knowing or intentional possession of controlled substances and (b) possession with intent to deliver. In addition, petitioner Ronald Cimorose was charged with criminal conspiracy of a minor, which latter charge was subsequently dropped by the state. 2. Methamphetamine, books and records, $1,000.00 cash, and drug related paraphenalia (i.e., scales, cutting tools) were confiscated by the police at the time of the arrest. 3. Petitioner Ronald Cimorose, at the time of his arrest by the state police, was observed by the police to be seated at a table. In front of him on the table was a tray containing yellowish and brownish powder. Petitioner Ronald Cimorose was also observed holding a straw. 4. Petitioner Ronald Cimorose was found guilty by the Court of Common Pleas of Delaware County, Pennsylvania, Criminal Division, on July 28, 1981, of *191 possession of controlled substances, possession with intent to deliver and criminal conspiracy. 5. Petitioner Ronald Cimorose is presently incarcerated as a result of his conviction from the January 31, 1981, arrest, at the State Correctional Institution in Huntingdon, Pennsylvania. He is in the process of appealing this conviction based on a claim of ineffective counsel. 6. Petitioner Ronald Cimorose rented and resided at a unit in the Tunbridge Apartments during 1981. A copy of the rental application was attached as an exhibit to the requests for admissions. 7. Petitioner Ronald Cimorose was arrested on January 26, 1981, by the New Orleans, Louisiana, Police Department and charged with possession and intent to distribute drugs and carrying a concealed weapon. Confiscated from petitioner Ronald Cimorose at the time were drugs (quaaludes and methamphetamine) and cash of $6,977.35. Upon his release from jail in New Orleans, petitioner Ronald Cimorose returned to his Tunbridge Apartment. 8. Petitioner Ronald Cimorose sold methamphetamine during 1981. 9. Petitioner Ronald Cimorose was also known as Morton in 1981. 10. Petitioner Ronald Cimorose was a member of the *192 Mother Club of the Pagan Motorcycle Club (PMC) and advisor to the Maryland chapter and Atlantic County, New Jersey, chapter of the PMC throughout the period from 1975 to 1983. 11. Petitioner Ronald Cimorose was acquainted with and knew personally a woman named Annette Williamson in 1981. 12. In January 1981, petitioner Ronald Cimorose had gross receipts from the sale of drugs totaling $46,965.00, composed of cash received and accounts receivable owned to him by purchasers of drugs. 13. In January 1981, petitioner Ronald Cimorose had expenses related to the sale of drugs totaling $10,905.00. 14. In January 1981, petitioner Ronald Cimorose possessed a record book wherein drug sales giving rise to income were reported. 15. Petitioner Nancy Cimorose was aware of all business activities petitioner Ronald Cimorose conducted in 1981. 16. Petitioners knew of and were acquainted with an individual named Louise Moore in 1981. 17. Petitioner Ronald Cimorose, together with other individuals, was indicted by a grand jury for the United States District Court, Eastern District of Pennsylvania, on July 18, 1984, and charged with violations for the time period beginning in 1975 *193 and ending in or about October 1983 involving conspiracy, racketeering, and unlawful manufacture, distribution, and possession of various controlled substances, including methamphetamine and phencyclidene. A copy of portions of the indictment relating to petitioner Ronald Cimorose was attached as an exhibit to the requests for admissions. 18. The aforementioned indictment states that in the Spring of 1974, petitioner Ronald Cimorose knowingly and intentionally aided and abetted the distribution by petitioner Nancy Cimorose of approximately one ounce of methamphetamine to Richard Sexton, in violation of 21 U.S.C. sec. 841(a)(1) and 18 U.S.C. sec. 2. 19. The above-mentioned indictment states that petitioner Ronald Cimorose obtained substantial income for the period from Spring 1979 through January 1981 from his continuing criminal enterprise. 20. The above-mentioned indictment states that on or about January 31, 1981, at Middletown Township, Delaware County, Pennsylvania, petitioner Ronald Cimorose did knowingly and intentionally possess with intent to deliver approximately 1 and 3/4 pounds of methamphetamine, in violation of Pennsylvania *194 law, 35 P.S. sec. 730-113, Cl. (30). 21. Petitioner Ronald Cimorose was convicted of violations asserted in the grand jury indictment detailed in paragraph 17 above on May 6, 1985. A copy of the Judgment and Conviction Order dated June 28, 1985, was attached as an exhibit to the requests for admissions. 22. On February 5, 1981, petitioner Ronald Cimorose posted $15,000 bail as a result of his January 1981 arrest. A copy of the bail receipt was attached as an exhibit to the requests for admissions. 23. On March 3, 1981, petitioner Nancy Cimorose posted $1,000 bail for Calvin Bowman. A copy of the bail receipt was attached as an exhibit to the requests for admissions. 24. The drugs seized from petitioner Ronald Cimorose's Tunbridge Apartment at the time of his January 31, 1981, arrest were analyzed by the Bi-County Crime Laboratory, Lima, Delaware County, Pennsylvania. A copy of the analysis stating that the drugs seized from petitioner Ronald Cimorose contained methamphetamine was attached to the requests for admissions. Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable *195 materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing there is a genuine issue for trial." Rule 121(d). We have stated, "The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing the summary judgment." Marshall v. Commissioner,85 T.C. 267, 271 (1985). Respondent takes the position that the facts deemed admitted under Rule 90(c) are sufficient to sustain his determinations. We agree. Based on the foregoing deemed admissions, we find that respondent has satisfied his burden of proving that no genuine issue of material fact exists as to respondent's underlying determinations and that respondent is entitled to a decision with respect to his underlying determinations as a matter of law. Marshall v. Commissioner,supra at 272. Petitioners' remaining argument *196 advanced in support of their objection to respondent's motion for summary judgment lacks merit. We believe that petitioners' objections are interposed for delay and this case has been delayed beyond the time necessary for petitioners to advance their case on the merits. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Rule 90(c) states the following: (c) Response to Request: Each matter is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefor. The response shall be signed by the party or his counsel, and the original thereof, with proof of service on the other party, shall be filed with the Court. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of a matter, he shall specify so much of it as is true and deny or qualify the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter, of which an admission has been requested, presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of paragraph (g) of this Rule, deny the matter or set forth reasons why he cannot admit or deny it. An objection on the ground of relevance may be noted by any party but is not to be regarded as just cause for refusal to admit or deny. Rule 90(c) was amended effective July 1, 1986; however, the changes are not material to the issues in this case which arose prior to the effective date of the amendment.↩