T.C. Memo. 1996-391


UNITED STATES TAX COURT


MILWARD CORPORATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16005-93.                    Filed August 21, 1996.


Meryl Silver, for respondent.


MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

[1]  All section references are to the Internal Revenue Code
in effect for the taxable years in issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion for Summary Judgment.  Respondent moves for summary judgment that she did not abuse her discretion in requiring petitioner to remain on the accrual method of accounting in computing its income taxes.  As explained in greater detail below, we will grant respondent's motion.

Background[2]

Milward Corp. is an electrical contracting firm, organized as a corporation under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Petitioner's business consists primarily of commercial and industrial work for new construction.  George O. Milward (Milward) is petitioner's president and sole shareholder. Respondent issued a statutory notice of deficiency to petitioner determining deficiencies in its Federal corporate income taxes for the taxable years ending January 31, 1988 through 1990, as follows:

| Taxable Year Ending | Deficiency |
| --- | --- |
| Jan. 31, 1988 | $1,155 |
| Jan. 31, 1989 | 199,125 |

---

[2] The following is a summary of the relevant facts that do not appear to be in dispute.  They are stated for purposes of deciding the pending motion.

Jan. 31, 1990                32,851

The notice of deficiency includes an explanation of the

adjustments that states in pertinent part:

> The cash receipts and disbursements method of
> accounting you used to keep your books and records for
> the January 31, 1989 and January 31, 1990 taxable years
> does not clearly reflect income; however, the accrual
> method of accounting does clearly reflect your income.
> Therefore, your taxable income is increased by
> $541,709.00 and $151,782.00, respectively.  * * *

> Due to the increase in your taxable income for the
> taxable year January 31, 1990, you did not incur a net
> operating loss in that year.  Since you carried net
> operating losses of $7,700.00 and $10,076.00 back to
> the January 31, 1988 and January 31, 1989 tax returns,
> respectively, your taxable income for the years January
> 31, 1988, and January 31, 1989, is increased $7,700.00
> and $10,076.00, respectively.

Petitioner invoked this Court's jurisdiction by filing a

timely petition for redetermination.  Respondent filed a timely

answer to the petition.

Following the filing of respondent's answer, counsel for

petitioner moved for (and the Court granted) a stay of

proceedings to permit petitioner to submit an offer-in-compromise

to respondent.  One year later, however, counsel for petitioner

filed a motion to withdraw from the case, asserting that both

petitioner and Milward had failed to respond to his

communications.  We subsequently granted counsel's motion to

withdraw and restored the case to the general docket for trial or

other disposition.

After the case was restored to the general docket, respondent served petitioner with (1) a request for admissions (with attached exhibits) pursuant to Rule 90(a), (2) interrogatories, and (3) a request for production of documents. At the same time, respondent filed her request for admissions with the Court pursuant to Rule 90(b).

Petitioner failed to respond to respondent's discovery requests. Further, as a consequence of petitioner's failure to respond to respondent's request for admissions, each matter set forth therein was deemed admitted pursuant to Rule 90(c). Marshall v. Commissioner, 85 T.C. 267, 272 (1985); Morrison v. Commissioner, 81 T.C. 644, 647 (1983).

The following is a summary of the matters that petitioner is deemed to have admitted pursuant to Rule 90(c).

For the fiscal year ending January 31, 1988, petitioner used the accrual method of accounting for financial statement purposes and income tax purposes. For the fiscal years ending January 31, 1989 and 1990, petitioner utilized the accrual method of accounting and percentage of completion method for financial statement purposes and used the cash method of accounting for income tax purposes. Petitioner did not file a Form 3115 (Application for Change in Accounting Method) or otherwise seek respondent's approval to change its method of accounting for

either the fiscal year ending January 31, 1989, or the fiscal year ending January 31, 1990.

Petitioner reported taxable income in the amount of $114,717 (without regard to any NOL deduction) on its income tax return (Form 1120) for the fiscal year ending January 31, 1989. Petitioner reported a loss in the amount of $17,776 on its income tax return (Form 1120) for the fiscal year ending January 31, 1990.

Materials that petitioner ordered for specific jobs were either delivered to petitioner's premises or "drop-shipped" to the job site, where the materials were stored in petitioner's containers. Most of petitioner's materials were ordered FOB-POS; i.e., free on board--point of shipment. Petitioner retained title to materials purchased for a job until the main contractor or owner of the property approved petitioner's work.

In some instances, petitioner was able to purchase materials only in lot sizes larger than those needed for a particular job. Materials that petitioner purchased for a particular job that were not used in the project were retained for future jobs. Any excess materials remaining at the end of a job either were collected and sold as scrap by petitioner's employees, who retained the proceeds, or were removed to petitioner's warehouse.

Petitioner accounted for the direct and indirect costs associated with work in progress as costs in excess of billings.

Petitioner received progress payments for work completed. Petitioner computed its taxable income by deducting the cost of materials and supplies in the year when they were purchased.

Petitioner had inventory in the amounts of $73,542 and $98,194 for the fiscal years ending January 31, 1989 and 1990, respectively. Petitioner had no inventory on the first day of the fiscal year ending January 31, 1989.

Petitioner's gross receipts, cost of materials, accounts receivable, and accounts payable for the fiscal years in issue are summarized as follows:

|                                              | FY 1988      | FY 1989      | FY 1990      |
| -------------------------------------------- | ------------ | ------------ | ------------ |
| Gross receipts                               | $1,283,428   | $2,720,274   | $1,485,687   |
| Cost of materials                            | 250,628      | 506,881      | 382,640      |
| Accounts receivable                          | 619,561      | 589,711      | 788,156      |
| Accounts payable                             | 117,847      | 39,993       | 159,305      |
| Cost of materials as a percent of gross receipts | 19.5%    | 18.6%        | 25.8%        |

Deemed admissions aside, respondent filed motions to compel requesting that the Court direct petitioner to respond to respondent's interrogatories and request for production of documents. We granted respondent's motions to compel and directed petitioner to respond to respondent's discovery requests. Petitioner failed to comply with the Court's order.

As indicated, respondent filed a Motion for Summary Judgment seeking judgment in her favor on all issues. Respondent contends

that the matters deemed admitted in this case pursuant to Rule 90(c) establish that petitioner is liable for the deficiencies as determined by respondent in the notice of deficiency.

On May 22, 1996, the Court issued an order calendaring respondent's motion for hearing and directing petitioner to file a response to respondent's motion by June 17, 1996. The order also included a reminder to the parties of the applicability of Rule 50(c). Petitioner failed to file a response to respondent's motion.

Respondent's motion was called for hearing at the motions session of the Court held in Washington, D.C., on June 26, 1996. Counsel for respondent appeared at the hearing and presented argument in support of the motion. Petitioner was not represented at the hearing, nor did it file a statement with the Court pursuant to Rule 50(c).

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v.

Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Rule 121(d) provides:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

See King v. Commissioner, 87 T.C. 1213, 1217 (1986).

Based upon our review of the record, we are satisfied that there is no genuine issue of material fact and that respondent is entitled to judgment as a matter of law.

The issue for decision is whether respondent abused her discretion in requiring petitioner to remain on the accrual method of accounting in computing its income taxes. We consider section 446 in deciding this issue.

Section 446 provides in pertinent part:

> (a) General Rule.--Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.

> (b) Exceptions.--If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

(c) Permissible Methods.--Subject to the provisions of subsections (a) and (b), a taxpayer may compute taxable income under any of the following methods of accounting--

(1) the cash receipts and disbursements method;

(2) an accrual method;

(3) any other method permitted by this chapter; or

(4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary.

In construing section 446, the Commissioner has broad powers to determine whether accounting methods used by a taxpayer clearly reflect income. Commissioner v. Hansen, 360 U.S. 446, 467 (1959). Courts do not interfere with the Commissioner's determination unless it is an abuse of discretion. Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532 (1979); Lucas v. American Code Co., 280 U.S. 445, 449 (1930); Ford Motor Co. v. Commissioner, 102 T.C. 87, 91 (1994), affd. 71 F.3d 209 (6th Cir. 1995).

Petitioner changed its method of accounting during the period in question without obtaining prior approval from respondent. In particular, for the fiscal year ending January 31, 1988, petitioner used the accrual method of accounting for financial statement purposes and income tax purposes. However, for the fiscal years ending January 31, 1989 and 1990, petitioner used the accrual method of accounting and the percentage of

completion method for financial statement purposes and used the cash method of accounting for income tax purposes. Petitioner did not file a Form 3115 (Application for Change in Accounting Method) or otherwise seek respondent's approval to change its method of accounting. See sec. 1.446-1(e)(3)(i), Income Tax Regs.

Section 446(e) provides that a taxpayer generally is required to secure the Commissioner's consent before changing its method of accounting. See sec. 1.446-1(e)(2)(i), Income Tax Regs. Further, section 1.446-1(e)(2)(ii)(a), Income Tax Regs., provides that a change from the accrual method to the cash method of accounting is a change in a taxpayer's method of accounting. In view of petitioner's failure to obtain consent from respondent before changing its method of accounting, we sustain as a matter of law respondent's determination that petitioner must use the accrual method of accounting for its taxable years ending January 31, 1989 and 1990.

In order to reflect the foregoing,

<u>An order granting respondent's Motion for Summary Judgment and decision for respondent will be entered</u>.