T.C. Memo. 2003-281

UNITED STATES TAX COURT

MICHAEL T. CAREY AND LEONE R. CAREY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2003-02.          Filed September 30, 2003.

Michael T. Carey and Leone R. Carey, pro se.

Jeremy L. McPherson, for respondent.

MEMORANDUM OPINION

COLVIN, Judge:  This case is before the Court on
respondent's motion for summary judgment and motion for a penalty
under section 6673.

Respondent determined a deficiency in petitioners' Federal
income tax of $498,933 for 1997, an addition to tax under section

6651(a) of $74,874.99, and an accuracy-related penalty under section 6662(a) of $99,786.60.

As discussed below, we will grant respondent's motion and will impose a penalty against petitioners under section 6673 in the amount of $5,000.

Section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure. References to petitioner are to Michael T. Carey.

## Background

### A. Petitioners

Petitioners resided in Redding, California, when they filed their petition. Petitioner is a licensed occupational therapist. He performed services at several adult residential facilities in 1997.

### B. Respondent's Request for Admissions

Respondent sent a request for admissions to petitioners. Petitioners did not respond to respondent's request for admissions. Each statement in a request for admissions served on a party is deemed admitted unless a response is served on the requesting party within 30 days after service of the request. Rule 90(c). Thus, we deem petitioners to have admitted the following facts stated in respondent's request for admissions.

1.  Petitioner's Residential Facilities

In 1997, petitioner worked with severely disabled adults at Residential Management Services, Rancho Residential Facility, Sunshine Residential Facility, and Home Health Services, which are residential facilities for disabled adults.

2.  The Trusts

Petitioners formed Residential Management Services Trust[1] (Residential), Rancho Residential Trust (Rancho), Sunshine Residential Trust (Sunshine), and Home Health Services Trust (Home Health) (petitioners' trusts) before 1997.[2]  Petitioners' trusts purportedly were in the business of operating nursing and personal care facilities in 1997.  Petitioners' four children have been the sole named beneficiaries of petitioners' trusts since 1997.  Robert Hogue (Hogue) was the purported trustee of these trusts in 1997.  He was paid no more than $500 per trust in 1997 for his services as trustee.

Bank accounts were maintained for petitioners' trusts. Petitioner had signature authority over those accounts in 1996 and part of 1997.  He paid his personal expenses from those bank

---

[1] Our use of the words "trust", "trustee", and "form" does not necessarily indicate that we believe the transactions at issue have substance.

[2] Petitioners formed Home Health Services Trust on June 1, 1993, Residential Management Services Trust on Dec. 16, 1994, and Rancho Residential Trust and Sunshine Residential Trust on Aug. 1, 1996.

accounts in 1997.  He used a signature stamp bearing the name
"Robert Hogue" to sign checks on those bank accounts in 1997-
2001.

Petitioners' trusts filed Forms 1041, U.S. Fiduciary Income
Tax Return, for 1997.  Each trust reported income and expenses
from one of the nursing care facilities on its 1997 return.  The
trusts reported the following amounts of income for 1997:

| Trust ` | Gross Receipts | Interest |
| --- | --- | --- |
| Residential | $334,048 | $196 |
| Rancho | $303,628 | $219 |
| Sunshine | $233,694 | 0 |
| Home Health | $350,310 | $453 |

3.   Petitioners and Their Residences

Sometime before 1997, petitioners owned and lived in a
residence in Palo Cedro, California (the Palo Cedro residence).
They transferred title to that residence to Douglas Carpa and
Robert L. Talbot, trustees of Ranch Holding Trust, on a date not
contained in the record.  Robert Hogue was the purported trustee
of Ranch Holding Trust at the end of 1997.  Petitioner used funds
from Sunshine's bank account to pay the property taxes on the
Palo Cedro residence in April 1997.

Property taxes on the Palo Cedro residence were paid in
December 1997 with funds from Home Health's account and in April
1999 with funds from Residential's account.

Petitioners currently live in a house in Bella Vista, California (the Bella Vista residence). The Bella Vista residence is located on 54 acres of land. Michael Blomquist, trustee of Hidden Meadows Holding Trust, acquired title to the Bella Vista residence in 1996. Robert Hogue was the purported trustee of Hidden Meadows Holding Trust at the end of 1997. Petitioner paid the property taxes on the Bella Vista residence in April 1997 with funds from Sunshine's bank account.

4.  Petitioners' 1997 Tax Return

Petitioners requested and received an extension of time to August 15, 1998, to file their 1997 return. Petitioners signed their 1997 return on October 7, 1998, and respondent received it on October 16, 1998.

Petitioner received but did not report self-employment income of $1,221,680 in 1997. Residential, Rancho, Sunshine, and Home Health reported that amount as gross receipts on their 1997 returns. Petitioners also received but did not report interest income of $868 in 1997. Instead, Residential, Rancho, and Home Health reported that amount as interest on their 1997 returns.

Petitioners did not have or provide to respondent substantiation of car and truck, office, and mortgage interest expenses they deducted on their 1997 return.

C.  <u>Procedural History</u>

On February 25, 2002, respondent moved to dismiss this case for failure to state a claim and to impose a penalty under section 6673.  Special Trial Judge Armen ordered petitioners to file an amended petition by April 19, 2002, and set respondent's motion for a hearing at the San Francisco, California, trial session beginning on June 17, 2002.

Petitioners did not file an amended petition.  At the June 25, 2002, hearing on respondent's motion, the Court ordered petitioners to file an amended petition by July 16, 2002.  The Court told petitioners that their original petition did not state a claim and warned them that, if they repeated in the amended petition the arguments they made in their petition, the Court would strike those arguments.

In their amended petition, petitioners repeated frivolous arguments that they had made in their petition.  Thus, on August 1, 2002, the Court ordered that petitioners' frivolous contentions be stricken from the petition and the amendment to petition.

This case was calendared for trial during the session of this Court in San Francisco beginning on March 10, 2003. Respondent filed a motion for summary judgment and to impose a penalty under section 6673.  We ordered petitioners to file a response to respondent's motion, but they did not do so.

Petitioners did not appear at the calendar call or otherwise communicate with the Court.

Discussion

A.   Summary Judgment

We may grant summary judgment if the pleadings, answers to interrogatories, depositions, admissions, affidavits, and any other acceptable materials show that there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  Matters deemed admitted under Rule 90(c) are conclusively established and may be considered in deciding whether to grant a motion for summary judgment.  Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985); Morrison v. Commissioner, 81 T.C. 644, 651-652 (1983); Doncaster v. Commissioner, 77 T.C. 334, 336 (1981).

We have examined the entire record and construed facts most favorably for petitioners.  We conclude that there is no dispute as to any material fact and that respondent is entitled to summary judgment.  Rule 121(b).

1.   Whether Petitioners' Trusts Are Recognized for Federal Tax Purposes

Respondent contends that petitioners' trusts should not be recognized for Federal income tax purposes because they are shams.  Petitioners contend that petitioners' trusts are not shams.  A trust may be a sham for Federal tax purposes if the grantor retains control over the property or income placed in the trust and does not change how the property or income is treated. Commissioner v. Sunnen, 333 U.S. 591, 604 (1948); United States v. Noske, 117 F.3d 1053, 1059 (8th Cir. 1997).  We generally do not recognize a trust for Federal tax purposes if the grantor keeps substantially unfettered powers of disposition or beneficial enjoyment of trust property.  See United States v. Noske, supra; Paulson v. Commissioner, 992 F.2d 789, 790 (8th Cir. 1993), affg. per curiam T.C. Memo. 1991-508; United States v. Buttorff, 761 F.2d 1056, 1061 (5th Cir. 1985); Schulz v. Commissioner, 686 F.2d 490, 495 (7th Cir. 1982), affg. T.C. Memo. 1980-568; Vnuk v. Commissioner, 621 F.2d 1318, 1320-1321 (8th Cir. 1980), affg. T.C. Memo. 1979-164.

Petitioners controlled and dealt with the alleged trust property as if it were their own.  Petitioner retained substantial enjoyment of the trust property as shown by the fact that he had signature authority over the bank accounts of petitioners' trusts in 1996 and for part of 1997, and that he paid his personal expenses from those bank accounts in 1997.

Robert Hogue allowed petitioner to do so. Robert Hogue did not act as an independent trustee or control any aspects of petitioners' trusts. Thus, we do not recognize petitioners' trusts as trusts for Federal income tax purposes, and the money paid to those trusts is taxable to petitioners. We will grant summary judgment with respect to the invalidity of petitioners' trusts. Accord Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297 (involving the Careys' income tax liability for 1995).

2. Unreported Income and Failure To Timely File

Petitioners admitted that petitioner received but did not report $1,221,680 in 1997 as income from his health care facilities. Petitioners also admitted that they filed their return for 1997 late and that they are liable for an addition to tax for failure to timely file their 1997 return and an accuracy-related penalty under section 6662(a) for negligence for 1997. Thus, we will grant respondent's summary judgment motion with respect to petitioners' taxability on the self-employment and interest income and petitioners' liability for the addition to tax for late filing and the accuracy-related penalty.

3. Deductions

Petitioners have admitted that they did not have or provide to respondent substantiation or documentation for car and truck, office, and mortgage interest expenses they deducted on their

1997 return. Thus, respondent is entitled to summary judgment that petitioners may not deduct car and truck, office, and mortgage interest expenses for 1997.

B. Whether Respondent Is Entitled to Summary Judgment Relating to the Section 6673 Penalty

The Court may impose on a taxpayer a penalty of up to $25,000 if the taxpayer instituted or maintained proceedings primarily for delay, if the taxpayer's position is frivolous or groundless, or if the taxpayer unreasonably failed to pursue administrative remedies. Sec. 6673(a).

In their petition, petitioners contended: (1) They had no unreported income or tax liability; (2) respondent failed to identify Code sections which establish their liability for tax; (3) respondent failed to provide them with certified assessment information; (4) respondent failed to identify the person making the adjustments on which the determination was based; (5) the determination is a naked assessment because it is based on hearsay evidence; and (6) respondent must show certified evidence to support the determination before this case can proceed to trial. The Court struck most of these allegations of error from the petition for failure to state a claim. After the Court ordered petitioners to amend their petition to raise justiciable issues, petitioners filed an amended petition, most of which was also stricken by the Court. Petitioners' contentions are frivolous, see Nestor v. Commissioner, 118 T.C. 162, 166-167

(2002) (Commissioner not required to identify Code sections establishing tax liability); <u>Thacker v. United States</u>, 84 AFTR 2d 6303, 99-2 USTC par. 50862 (E.D. Ky. 1999) (assessment not required for tax liability to exist), affd. 221 F.3d 1336 (6th Cir. 2000); <u>Residential Mgmt. Servs. Trust v. Commissioner</u>, <u>supra</u> (trust income attributed to petitioners for 1995); <u>Schaefer v. Commissioner</u>, T.C. Memo. 1983-361 (assessment not required for tax liability to exist).  We conclude that petitioners' claims are frivolous and groundless, see <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986), and that they instituted this case for purposes of delay.  Under these circumstances, we require petitioners to pay to the United States a $5,000 penalty under section 6673(a).

<u>An appropriate order</u>

<u>and decision will be entered</u>.