T.C. Memo. 2007-348

UNITED STATES TAX COURT

CHARLES R. CUTLER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7590-02.          Filed November 26, 2007.

Charles R. Cutler, pro se.

Scott T. Welch, for respondent.

MEMORANDUM OPINION

HAINES, Judge:  This case is before the Court on
respondent's motion for summary judgment filed pursuant to Rule
121.[1]  Respondent argues that the factual allegations deemed

_____

[1]All section references are to the Internal Revenue Code, as
amended.  Rule references are to the Tax Court Rules of Practice
and Procedure.  Amounts are rounded to the nearest dollar.

admitted by petitioner under Rule 90(c) establish that petitioner is liable for a Federal income tax deficiency of $2,261.

## Background

Petitioner resided in Kinder, Louisiana, at the time the petition was filed.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 1999, reporting as nontaxable a $7,000 individual retirement account (IRA) distribution. On January 30, 2002, respondent issued petitioner a notice of deficiency for 1999, determining that the $7,000 IRA distribution is taxable and that petitioner received an additional taxable IRA distribution of $12,651. Petitioner filed a petition with the Court claiming that an IRA inherited from a parent was not taxable, that the Government owed him money related to a denied patent application, and that he should not have to pay taxes because as a Louisiana prison inmate, he cannot vote for President of the United States, while inmates in Maine can.

On July 20, 2006, respondent filed with the Court requests for admissions, which had been served on petitioner the previous day. Petitioner failed to respond, and pursuant to Rule 90(c) each matter set forth in the requests for admissions was deemed admitted 30 days after the date of service. The following is a summary of the matters petitioner is deemed to have admitted.

Petitioner's father died in 1999 owning two IRAs with Edward D. Jones & Co.  Petitioner was a beneficiary of both IRAs in the event of his father's death.  No nondeductible contributions were made to either of the IRAs.  In 1999, after the death of his father, petitioner received lump-sum distributions from the IRAs of $7,000 and $12,561.  Petitioner reported the $7,000 distribution on his 1999 return but listed it as nontaxable.  Petitioner did not report the $12,561 distribution on his 1999 return.

After the requests for admissions were deemed admitted, respondent filed a motion for summary judgment seeking judgment in respondent's favor on all issues.  Petitioner filed a timely response stating only that he "respectfully OBJECTS to Respondent's MOTION FOR SUMMARY JUDGMENT."

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  Rule 121(d) states:

> When a motion for summary judgment is made and
> supported as provided in this Rule, an adverse party

-4-

may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court will view any factual material and inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, supra at 821; Naftel v. Commissioner, supra at 529. Summary judgment is appropriate where the facts deemed admitted pursuant to Rule 90(c) support a finding that there is no genuine issue as to any material fact. Morrison v. Commissioner, 81 T.C. 644, 651-652 (1983).

Based upon our review of the record, we are satisfied that there is no genuine issue of material fact and that respondent is entitled to judgment as a matter of law. The deficiencies in this case arise from petitioner's mistaken belief that distributions made to a beneficiary of a decedent's IRA are not taxable.

A distribution to the beneficiary of a decedent's IRA is includable in the gross income of the beneficiary. Secs. 408(d)(1), 691(a)(1); Estate of Kahn v. Commissioner, 125 T.C. 227, 232 (2005). When such a distribution is made in a lump sum

to the beneficiary, the portion equal to the value of the IRA on the date of the decedent's death, less any nondeductible contributions made to the IRA, is income in respect of a decedent (IRD) under section 691(a)(1).[2]  Estate of Kahn v. Commissioner, supra.  That portion is includable in the gross income of the beneficiary in the year the distribution is received.[3]  Sec. 691(a)(1); Estate of Kahn v. Commissioner, supra.  Any balance of the distribution, which represents appreciation and income accruing between the date of death and the date of the distribution, is taxable to the beneficiary under sections 408(d)(1) and 72.  Estate of Kahn v. Commissioner, supra.

The factual allegations deemed admitted by petitioner establish:  (1) Petitioner was the beneficiary of his deceased father's IRAs; (2) petitioner received lump-sum distributions from the IRAs during 1999; and (3) no nondeductible contributions were made to the IRAs.  Therefore, we hold that the IRA

---

[2]Sec. 691(a)(1) provides that items of gross income in respect of a decedent that are not properly includable by the decedent in the year of his death or in a prior period are included in the gross income for the taxable year when received of the person who acquires the right to receive that amount. Sec. 408(d)(1) provides that distributions made from an IRA are included in the gross income of the distributee in the manner provided under sec. 72.

[3]The recipient of an item of IRD, such as the beneficiary of a decedent's IRA, is allowed an income tax deduction equal to the amount of Federal estate tax attributable to the IRD.  Sec. 691(c); Estate of Smith v. United States, 391 F.3d 621, 626 (5th Cir. 2004); Estate of Kahn v. Commissioner, 125 T.C. 227, 232 (2005).

distributions were properly taxable to petitioner as determined by respondent.

Petitioner's claim with respect to the denied patent application is not properly before this Court.  The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress.  <u>Naftel v. Commissioner</u>, <u>supra</u> at 529.  We do not have jurisdiction to consider claims related to a denied patent application.  As to petitioner's arguments with respect to the denial of his right to vote, the Internal Revenue Code simply does not provide that an inmate denied the right to vote is exempt from taxation.

In the absence of any genuine dispute as to a material fact in this case, we shall grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.