LEE ALEXANDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alexander v. Commissioner
Docket Nos. 17429-88, 17431-88
United States Tax Court
T.C. Memo 1990-315; 1990 Tax Ct. Memo LEXIS 333; 59 T.C.M. (CCH) 976; T.C.M. (RIA) 90315; June 25, 1990, Filed *333 An order and decision will be entered for the respondent in each docket. Harold J. Boreanaz, for the petitioner. Edward D. Fickess, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION These cases were assigned to Special Trial Judge Peter J. Panuthos for consideration and ruling on respondent's motions for summary judgment filed herein. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: These cases are before the Court on respondent's motions for summary judgment pursuant to Rule 121. They were consolidated for purposes of the opinion herein. Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Addition to Tax
Docket
Sec.
Sec.
Sec.
No.
Year
Deficiency
* *334 6653(b)(1)
6653(b)(2)
6661
17431-88
1979
$  83,726 $ 41,863  ---
---
1980
$  59,791 $ 29,896  ---
---
1981
$  90,839 $ 50,814  ---
---
1982
$ 102,281 $ 51,140  50% of the in-
$ 25,570
terest due on
$ 102,281
1983
$ 102,496 $ 51,248  50% of the in-
$ 25,624
terest due on
$ 102,496
1984
$  64,505 $ 32,252  50% of the in-
$ 16,126
terest due on
$ 64,505
1985
$ 123,403 $ 61,701  50% of the in-
$ 30,851
terest due on
$ 123,403
17429-88
1986
$  40,640 **$ 30,480  50% of the in-
$ 10,160
terest due on
$ 40,640** Respondent's motions for summary judgment raise the following issues: (1) Whether petitioner received illegal income in the form of payoffs and bribes; (2) Whether petitioner is liable for additions to tax for fraud; and (3) Whether petitioner is liable for additions to tax for a substantial understatement of liability within the meaning of section 6661 for the taxable years 1982 through 1986. PROCEDURAL BACKGROUND Timely petitions were filed on July 11, 1988. At the time of filing the petitions herein, petitioner resided at Syracuse, New York. The petitions in both dockets were executed by petitioner's counsel, Harold J. Boreanaz. Respondent's answers were timely filed on September 12, 1988. In his answers, respondent makes affirmative allegations with respect to the issues of fraud, collateral estoppel, and the statute of limitations. While petitioner initially failed to file a reply in each docket, after a notice of filing of respondent's motion for an order under Rule 37, the Court permitted *335 petitioner's replies to be filed on January 3, 1989. On March 27, 1989, respondent's requests for admissions were filed with the Court in each docket. The request for admissions in each docket is 53 pages long containing numerous detailed requests concerning omitted income. According to the certificates of service attached to respondent's requests for admissions, said documents were served on petitioner's counsel by mailing same on March 15, 1989. No response was filed by petitioner to respondent's requests for admissions. On May 19, 1989, respondent's motions for summary judgment were filed in each docket. In his motions, respondent asked that the Court sustain the deficiencies and additions to tax set forth in his notices of deficiency. Respondent relies on deemed admissions in these cases. Petitioner's objections to respondent's motions were filed on August 14, 1989. Petitioner's counsel argues that he was unable to respond to the requests for admissions for the following reasons: (1) The health and location of petitioner made it virtually impossible to communicate with him; (2) The scope and volume of information required was overwhelming; and (3) The lack of access to numerous *336 records. FINDINGS OF FACT The Court finds the following facts based on this record, including the matters deemed admitted pursuant to respondent's requests for admissions. Petitioner was the mayor of the City of Syracuse, New York, from January 1, 1970, through December 31, 1985. During the taxable years 1979 through 1986, petitioner conducted and participated in a pattern of racketeering activity to obtain money and property through illegal means. During the years in issue, petitioner received money from persons wishing to do business in and with the City of Syracuse, New York. Petitioner did not include the funds received on his Federal income tax returns for the years in issue. Petitioner took affirmative steps to conceal the unlawful receipt of money and property as a result of his illegal scheme. Kickbacks were made to petitioner in various forms, including, but not limited to, cash, municipal bearer bonds, gold coins, and political contributions. During the years in issue, petitioner used the services of several associates or agents to act as "bagmen" who served the purpose of collecting some of the kickback payments. During the years in issue, petitioner attempted to conceal *337 his illegal activities and the proceeds thereof by utilizing safe deposit boxes held in other persons' names to store portions of the illegal proceeds. During the years in issue, petitioner attempted to conceal his illegal activities by causing the purchase of municipal bearer bonds and the redemption of interest coupons in ways intended to disguise the true nature of the transactions and the sources of the funds. The total amounts of illegal payments received by petitioner for the years in issue and sources of such payments are as follows: Source
1979
1980
1981
1982
1983
Gregory D.
Ferentino
$  17,500.00
$  31,293.12
$  88,331.35
$  43,400.00
$  66,000.00
Christ J.
Lemonides
$  20,224.32
$  16,468.82
$   7,200.00
$   3,535.00
$   1,600.00
Ronald
Ciricillo
$     --
$   4,700.00
$   6,150.00
$   4,700.00
$   3,500.00
Nicola L.
Caruso
$  70,100.00
$     --
$   5,500.00
$  36,200.00
$   8,000.00
Eugene F.
Bersani
$  32,295.48
$  52,121.49
$  45,175.90
$  54,532.10
$  58,768.40
James T.
Spaulding
$     --
$     --
$     --
$  65,891.50
$  67,065.90
Totals
$ 140,119.80
$ 104,583.43
$ 152,357.25
$ 208,258.60
$ 204,934.30
Source
1984
1985
1986
Gregory D.
Ferentino
$  30,700.00
$   4,000.00
$     --
Christ J.
Lemonides
$  28,120.80 $   4,319.00
$ 58,513.25
Ronald
Ciricillo
$   7,000.00
$  26,200.00
$     --
Nicola L.
Caruso
$  15,000.00
$ 160,700.00
$  5,000.00
Eugene F.
Bersani
$  57,957.97
$  60,203.58
$ 18,813.98
James T.
Spaulding
$     --
$     --
$     --
Totals
$ 138,778.77
$ 255,422.58
$ 82,327.23
*338 The aforementioned income received by petitioner was the result of kickbacks and other illegal activities. None of the income referred to was reflected on petitioner's Federal income tax returns for the taxable years in issue. On January 4, 1988, petitioner pled guilty to tax evasion pursuant to section 7201 with respect to the taxable year 1985. On or about September 20, 1985, petitioner and Demosthenes Stathis made false statements and misrepresentations to Internal Revenue Service Agent Robert Berg with respect to the taxable years 1982 and 1983. Petitioner made further false statements to agents of respondent on or about October 23, 1985. During the taxable years in issue, petitioner, aided and abetted by others, perpetrated an extortion scheme, either individually or collectively, to obtain money and other things of value. OPINION Rule 121 provides that a party may move for summary judgment upon all or part of the legal issues in controversy so long as there is no genuine issue of material fact. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine *339 issue as to any material fact and a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Here there is no issue of material fact. Since no response was filed with respect to respondent's requests for admissions, the allegations contained therein are deemed admitted under Rule 90(c). Marshall v. Commissioner, 85 T.C. 267 (1985); Morrison v. Commissioner, 81 T.C. 644 (1983). The factual assertions in respondent's requests for admissions which have been deemed admitted set forth omitted income for each of the years in issue and support respondent's deficiency determinations. Accordingly, we conclude that there is no genuine issue of material fact with respect to the deficiency determinations. Therefore, respondent is entitled judgment as a matter of law. Marshall v. Commissioner, supra.
With respect to the additions to tax for fraud, the burden of proof is on respondent to prove by clear and convincing evidence that an underpayment exists and that part of the underpayment of tax is due to fraud or *340 the intent to evade tax. Sec. 7454(a); Rule 142(b); Grosshandler v. Commissioner, 75 T.C. 1 (1980); Stratton v. Commissioner, 54 T.C. 255 (1970). We have previously held that respondent's burden can be satisfied through facts deemed admitted under Rule 90(c). Marshall v. Commissioner, supra; see also Doncaster v. Commissioner, 77 T.C. 334 (1981) (a Court-reviewed opinion relating to facts deemed admitted under Rule 37(c)). In his requests for findings of fact in each docket, which were deemed admitted, respondent clearly and convincingly established that petitioner, while the mayor of Syracuse, New York, participated in a pattern of conduct to obtain money and property through illegal means. During the taxable years 1979 through 1986, petitioner received illegal bribes and kickback payments which were not reported on Federal income tax returns for the years in issue. It has been deemed admitted that petitioner received kickbacks and illegal payments for the taxable years 1979 through 1986 as follows: 1979
$ 140,119.80
1980
$ 104,583.43
1981
$ 152,357.25
1982
$ 208,258.60
1983
$ 204,934.30
1984
$ 138,778.77
1985
$ 255,422.58
1986
$  82,327.23 Based on the deemed admissions, it has further been *341 clearly and convincingly established that there are underpayments in tax for the years 1979 through 1986 as follows: Year
Deficiency
1979
$  83,726
1980
$  59,791
1981
$  90,839
1982
$ 102,281
1983
$ 102,496
1984
$  64,505
1985
$ 123,403
1986
$  40,640
The deemed admissions establish a pattern of underreporting over an extended period of time which is indicative of fraud. Holland v. United States, 348 U.S. 121, 137 (1954); Estate of Hill v. Commissioner, 59 T.C. 846 (1973). Petitioner's dishonesty in business transactions and willingness to defraud others is also an indication of fraud. Afshar v. Commissioner, T.C. Memo. 1981-241, affd. without published opinion 692 F.2d 751 (4th Cir. 1982). The deemed admitted facts clearly and convincingly establish that for the taxable years 1979 through 1986 an underpayment of tax exists and that part of the underpayment is due to fraud or the intent to evade tax. It is further noted that with respect to the taxable year 1985, petitioner pled guilty and was convicted of income tax evasion under section 7201. This conviction for 1985 was established, not only based upon the requests for admissions deemed admitted, but also on petitioner's admitting to such allegations *342 in his reply to respondent's affirmative allegations in his answer. Accordingly, based on this record, petitioner is collaterally estopped from denying that the underpayment of tax for the taxable year 1985 is due to fraud within the meaning of section 6653(b). Amos v. Commissioner, 360 F.2d 358, 359 (4th Cir. 1965), affg. 43 T.C. 50 (1964); Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68 (1964). With respect to the additions to tax under section 6661 for the taxable years 1982 through 1986, it is clear, based on respondent's requests for admissions which have been deemed admitted, that there is a substantial understatement within the meaning of section 6661(b)(2)(A). Accordingly, respondent's determinations with respect to such additions are sustained. It is further clear that since we have found that a part of the underpayment of tax is due to fraud, the statute of limitations under section 6501(c)(1) is open for assessment of the deficiencies determined by respondent. Vannaman v. Commissioner, 54 T.C. 1011, 1018 (1970). We note that in his objections to respondent's motions, petitioner's counsel raises matters that go to the question of the difficulty of responding to respondent's *343 requests for admissions. We have previously held that, under Rule 90(c), affirmative action is required to avoid an admission. Freedson v. Commissioner, 65 T.C. 333 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978). Here neither petitioner nor his counsel filed answers, objections, or anything in response to the requests for admissions. Rule 90 clearly contemplates that a party's failure to respond to a request will result in the statement being deemed admitted without further order of the Court. Morrison v. Commissioner, supra at 647. If petitioner required more time to respond to the requests for admissions, he could have sought an enlargement of time under Rule 90(c) or, even after the requests were deemed admitted, he could have sought withdrawal or modification under Rule 90(e). Morrison v. Commissioner, supra at 646, 647. Petitioner failed to pursue any of these remedies. Petitioner has presented virtually no defense to respondent's motions for summary judgment. Based on the foregoing, respondent's motions for summary judgment will be granted in each docket. An order and decision will be entered for the respondent in each docket. Footnotes
1. These cases were assigned pursuant to section 7443A and Rule 180. All section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. For the taxable years 1979, 1980, and 1981, this addition to tax is designated sec. 6653(b). ** For the taxable year 1986, this addition was designated as secs. 6653(b)(1)(A) and (b)(1)(B).↩