AUSTIN MITCHELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mitchell v. Commissioner
Docket No. 21350-87.
United States Tax Court
T.C. Memo 1995-411; 1995 Tax Ct. Memo LEXIS 412; 70 T.C.M. (CCH) 509; August 23, 1995, Filed *412 An appropriate order and decision will be entered for respondent. Alan E. Staines, for respondent. GOLDBERG, Judge GOLDBERG
MEMORANDUM OPINION GOLDBERG, Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182, [1] and is before the Court on respondent's Motion for Summary Judgment. In two notices of deficiency [2] mailed on April 15, 1987, respondent determined deficiencies in and additions to petitioner's Federal income taxes in the following amounts as set forth below: *413 Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
6659
1979
$ 664
$ 33.20
N/A  --
N/A  1980
700
35.00
N/A  --
N/A  1981
3,267
N/A $ 163.35
[1] $ 980.10
1982
3,791
N/A 189.55
[1] 1,137.30
1983
1,244
N/A 62.20
[1] 373.20
Respondent also determined that interest due on the deficiencies for 1981, 1982, and 1983 would be computed pursuant to the increased interest rate imposed under section 6621(c). The income tax adjustments in these years related to the disallowance of investment tax credit carrybacks and carryforwards and partnership losses claimed with respect to petitioner's investment in two limited partnerships: River City Ranches #1 (Ranches #1) and River City Ranches #2 (Ranches #2). Petitioner timely filed his Petition on July 2, 1987, and respondent filed an Answer on August 31, 1987. At that time, the issues were joined. Rule 38. This case is part of a larger group of cases designated as the Hoyt Farms group, named after the *414 organizer and operator of numerous cattle and sheep breeding partnerships, W.J. Hoyt Sons, and/or Walter J. Hoyt III. On April 19, 1994, respondent served petitioner with Respondent's First Request for Admissions. The request for admissions was filed with the Court on April 20, 1994. By Order dated August 3, 1994, we calendared this case for trial at a Special Session beginning at 10:00 a.m., on October 26, 1994, at San Francisco, California 94102. Subsequently, on August 15, 1994, respondent filed a Motion for Summary Judgment. We permitted petitioner to file an objection on or before September 14, 1994. To date, no objection has been filed. Also, we calendared respondent's motion for hearing at a special session of the Court in San Francisco, California, on October 26, 1994. When the case was called from the calendar, there was no appearance by or on behalf of petitioner. Respondent's counsel appeared and was heard. Petitioner has done nothing to contest respondent's motion. In the Motion for Summary Judgment, respondent contends that all of the facts necessary for our decision are set forth in Respondent's First Request for Admissions, filed April 20, 1994. Respondent notes that *415 petitioner did not respond to Respondent's First Request for Admissions, and, thus, pursuant to Rule 90(c), each matter set forth therein was automatically deemed admitted 30 days after service of the request. Morrison v. Commissioner, 81 T.C. 644, 647 (1983); Freedson v. Commissioner, 65 T.C. 333, 334-336 (1975), affd. on other grounds 565 F.2d 954 (5th Cir. 1978). Respondent contends that she is entitled to a decision under Rule 121 as a matter of law. The Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Bond v. Commissioner, 100 T.C. 32, 36 (1993); see Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Respondent, as the moving party in this case, bears the burden of proving that there is no genuine issue of material fact and that a decision may be rendered as a matter of law. *416 Rule 121(b); Bond v. Commissioner, supra at 36; Preece v. Commissioner, 95 T.C. 594, 596 (1990); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The Court will view factual material and inferences drawn therefrom in the light most favorable to the party opposing the motion for summary judgment. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, supra.
By failing to respond to Respondent's First Request for Admissions, petitioner is deemed to have admitted the following material facts: (1) During the taxable year 1982, petitioner was a partner in Ranches #1 and Ranches #2; (2) On his 1982 Federal income tax return, petitioner claimed deductions in the amounts of $ 15,736 and $ 1,730 as his distributable shares of the 1982 partnership losses reported by Ranches #1 and Ranches #2, respectively; (3) During the taxable year 1982, Ranches #1 and Ranches #2 neither incurred nor paid any ordinary and necessary business expenses; (4) During the taxable year 1982, Ranches #1 and Ranches #2 neither *417 paid nor incurred any ordinary and necessary expenses for the production of income; (5) During the taxable year 1982, Ranches #1 and Ranches #2 neither owned nor held an interest in any assets or property, including, but not limited to, sheep, which qualified for depreciation expense; (6) During the taxable year 1982, Ranches #1 and Ranches #2 had no basis or adjusted basis in any assets or property, including, but not limited to, sheep, which qualified for depreciation expense; (7) During the taxable year 1982, Ranches #1 and Ranches #2 neither owned nor held any interest in any assets or property, including, but not limited to, sheep, which qualified for the investment tax credit; (8) During the taxable year 1982, Ranches #1 and Ranches #2 had no basis or adjusted basis in any assets or property, including, but not limited to, sheep, which qualified for the investment tax credit; (9) For the taxable year 1982, petitioner is not entitled to a distributable share of any cost or adjusted basis in any assets or property, including, but not limited to, sheep, claimed by Ranches #1 and Ranches #2 to have qualified for the investment tax credit in 1982; (10) For the taxable year 1982, *418 petitioner is not entitled to a distributable share of any investment tax credit claimed by Ranches #1 and Ranches #2 in 1982; (11) For the taxable year 1982, petitioner is not entitled to claim deductions in the amounts of $ 15,736 and $ 1,730 as his distributable shares of the 1982 losses reported by Ranches #1 and Ranches #2, respectively; (12) During the taxable year 1982, petitioner reported a qualified investment in Nonrecovery Property in the amount of $ 61,400; however, petitioner made no investments in Nonrecovery Property, which qualifies in this case for the investment tax credit; (13) For the taxable year 1982, petitioner is not entitled to claim any basis, adjusted basis, or unadjusted basis in Nonrecovery Property, or in any other property which would qualify for the investment tax credit; (14) For the taxable year 1982, petitioner is not entitled to claim a Tentative regular investment credit in the amount of $ 6,140 as shown on Form 3468 (Computation of Investment Credit); (15) For the taxable year 1982, petitioner is not entitled to claim an investment tax credit in the amount of $ 135; (16) For the taxable year 1982, respondent correctly disallowed the medical *419 and dental expense deduction in the amount of $ 267; (17) For the taxable year 1983, petitioner is not entitled to an investment tax credit carryforward from the taxable year 1982 for the investment tax credit; (18) During the taxable year 1983, petitioner made no investment in property that qualifies in this case for the investment tax credit for 1983; (19) For the taxable year 1983, petitioner is not entitled to claim a basis, adjusted basis, or unadjusted basis on any property that would qualify for the investment tax credit in 1983; (20) For the taxable year 1983, petitioner is not entitled to claim an investment tax credit in the amount of $ 1,244; (21) Petitioner is not entitled to any investment tax credit carryback from the taxable year 1982 to the taxable years 1979, 1980, and 1981; (22) During the taxable years 1979, 1980, and 1981, petitioner made no investments in property that would qualify in this case for the investment tax credit; (23) For the taxable years 1979, 1980, and 1981, petitioner is not entitled to claim a basis, adjusted basis, or unadjusted basis on any property that would qualify for the investment tax credit; (24) For the taxable years 1979, 1980, *420 and 1981, petitioner is not entitled to investment tax credits in the amounts of $ 664, $ 700, and $ 3,267, respectively, as claimed on his Application for Tentative Refund (Form 1045); (25) Petitioner is liable for deficiencies in Federal income taxes for the taxable years 1979, 1980, 1981, 1982, and 1983, in the amounts of $ 664, $ 700, $ 3,267, $ 3,791, and $ 1,244, respectively; (26) Petitioner is liable for additions to tax for the taxable years 1979 and 1980, in the amounts of $ 33.20 and $ 35, respectively, pursuant to the provisions of section 6653(a); (27) Petitioner is liable for additions to tax for the taxable years 1981, 1982, and 1983, in the amounts of $ 163.35, $ 189.55, and $ 62.20, respectively, pursuant to the provisions of section 6653(a)(1); (28) Petitioner is liable for additions to tax for the taxable years 1981, 1982, and 1983, in an amount equal to 50 percent of the interest payable under section 6601, with respect to underpayments in the amounts of $ 3,267, $ 3,791, and $ 1,244, for 1981, 1982, and 1983, respectively, attributable to negligence pursuant to the provisions of section 6653(a)(2); (29) Petitioner is liable for additions to tax for the taxable *421 years 1981, 1982, and 1983, in the amounts of $ 990.10, $ 1,137.30, and $ 373.20, pursuant to the provisions of section 6659; (30) Petitioner is liable for increased interest provided for under the provisions of section 6621(c), for the taxable years 1981, 1982, and 1983 based on substantial underpayments of $ 3,267, $ 3,791, and $ 1,244, respectively, for 1981, 1982, and 1983, attributable to tax motivated transactions in these years. In this case, we agree with respondent that the admissions that petitioner is deemed to have made pursuant to Rule 90(c) show that there is no genuine issue of material fact, and we agree that respondent is entitled to a decision as a matter of law. To reflect the foregoing, An appropriate order and decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The notice of deficiency for the taxable years 1979 and 1980 was addressed and mailed to Austin and Barbara Mitchell, while the notice of deficiency for the taxable years 1981, 1982, and 1983, was addressed and mailed to Austin Mitchell.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations.↩