T.C. Memo. 1997-256

UNITED STATES TAX COURT

JOHN DEVLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7779-94.                    Filed June 9, 1997.

<u>Randall L. Preheim</u>, for respondent.

MEMORANDUM OPINION

FAY, <u>Judge</u>:  This case is before the Court on respondent's
Motion for Summary Judgment pursuant to Rule 121.[1]  Respondent's
Motion for Summary Judgment was based on matters deemed admitted
by reason of petitioner's failure to respond to two requests for

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

admissions served by respondent under Rule 90(c).  Petitioner resided in Lakewood, Colorado, at the time his petition was filed.

Background

Respondent determined deficiencies in and additions to tax as follows:

|  |  | Additions to Tax | |
| --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6654 |
| 1990 | $2,269 | $1,632 | $143 |
| 1991 | 27,458 | 20,357 | 1,559 |
| 1992 | 5,998 | 4,496 | 260 |

[1]Respondent, in the Amended Answer to Amended Petition, alleged that petitioner is liable for additions to tax for fraud under sec. 6651(f) for 1990, 1991, and 1992. Respondent relies on the additions to tax determined in the notice of deficiency under sec. 6651(a)(1) as an alternative position, if we find that petitioner is not liable for additions to tax for fraud under sec. 6651(f).

Petitioner worked as an insurance agent for the Prudential Life Insurance Company (Prudential) during 1990, 1991, and 1992. Prudential employed him to sell insurance and annuities to Prudential clients but did not authorize him to sell securities. In his capacity as a Prudential insurance agent, petitioner convinced Prudential clients to cancel their Prudential annuities and transfer the proceeds to another company, named Project Input, Inc., which petitioner alleged was sponsored by

Prudential.[2]  The Prudential clients would write a check made payable to petitioner, and in return the clients would receive an installment note.  The installment note stated that it was for an investment known as Neo Genesis Paradigm, Inc.[3]  Petitioner would then convert the proceeds from this transaction to his own use.  Such transactions occurred on three different occasions from 1991 through 1992.  Each time, petitioner targeted an elderly client.

On May 6, 1992, petitioner was charged in Denver County Court, Denver, Colorado, with theft from the elderly, fraud, and selling securities without a license.  Petitioner pleaded guilty to attempted fraud and deceit in offering securities, was placed on probation for 16 years, and was ordered to pay restitution to Prudential in the amount of $107,000.

In the notice of deficiency, respondent determined that petitioner did not file returns for the taxable years 1990, 1991, and 1992.  Respondent also determined that petitioner realized gross income for those years in the amounts of $20,436, $107,301, and $27,381, respectively.[4]  The gross income determined by respondent resulted in deficiencies of $2,269, $27,458, and

---

[2]In fact, Prudential does not have any connection with Project Input, Inc., nor does the Colorado Secretary of State have a record of it.

[3]Respondent's first and second requests for admission refer to Neo Genesis Paradigm, Inc. and Neo Genesis.  These are references to the same entity.

[4]Petitioner also did not file individual Federal income tax returns for the tax years 1986-89.

$5,998, for the taxable years 1990, 1991, and 1992, respectively. Additionally, in the Amended Answer to Amended Petition, respondent asserted that petitioner was liable for the addition to tax for fraud under section 6651(f). In the alternative, respondent relies on the determination in the notice of deficiency that petitioner was liable for a 25 percent addition to tax under section 6651(a)(1).

Petitioner filed a petition in this Court on July 11, 1994. On December 30, 1994, the case was calendared for trial during the trial session beginning on June 5, 1995.

On March 8, 1995, this Court granted the parties' first Joint Motion for Continuance and continued the case for trial from the June 5, 1995, trial session. Subsequently, on May 25, 1995, the case was again calendared for trial during the trial session beginning on October 30, 1995. On September 7, 1995, the Court granted the parties' second Joint Motion for Continuance, to allow time for petitioner's recovery from brain and spinal cord injuries. On December 6, 1995, petitioner requested an additional 90 days in which to answer Respondent's Requests for Admission (First Admission Request), which had been mailed to petitioner on October 31, 1995. This Court granted the extension of time until April 25, 1996.

Respondent's Second Requests for Admission (Second Admission Request) was mailed to petitioner on May 21, 1996. Petitioner did not answer either the First Admission Request or the Second

Admission Request.  Not having received a response from petitioner, respondent filed a Motion for Summary Judgment on August 8, 1996, asking that, based on matters deemed admitted by petitioner as set forth in respondent's requests for admission, we find petitioner liable for the deficiencies as determined by respondent in the notice of deficiency.  Further, respondent asked the Court to find that respondent had met the burden of proving that petitioner fraudulently failed to file a Federal income tax return for each of the years at issue.  The Court ordered a response from petitioner to respondent's Motion for Summary Judgment on or before September 9, 1996.  Petitioner failed to respond to the Court's order.  By order dated October 3, 1996, respondent's Motion for Summary Judgment was calendared for hearing on December 2, 1996.  At the hearing, no appearance by or on behalf of petitioner was made.  The Court heard respondent's arguments on the Motion for Summary Judgment and took it under advisement.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Rule 121 provides that either party may move for summary judgment upon any or all parts of the legal issues in controversy.  When either party makes such a motion, the opposing party must file "An opposing written response,

with or without supporting affidavits * * * within such period as the Court may direct." Rule 121(b). Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Preece v. Commissioner, 95 T.C. 594, 597 (1990). A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." 10A Wright et al., Federal Practice and Procedure, Civil 2d, sec. 2725, at 93 (2d ed. 1983).

The facts are established by the First Admission Request and the Second Admission Request that respondent served on petitioner. Under Rule 90(c), matters set forth in requests for admission are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request or within such shorter or longer time as the Court may allow". Since petitioner in the instant case has failed to respond to respondent's requests, the facts set forth in the requests for admission are deemed admitted.

A. Deficiencies

Respondent seeks summary judgment that the deficiencies and additions to tax determined in the notice of deficiency and amended answer be sustained. The first issue is whether petitioner is liable for the deficiencies. The deficiencies are in the amounts of $2,269, $27,458, and $5,998 for the taxable years 1990, 1991, and 1992. The deficiencies arose because petitioner failed to file Federal income tax returns and report gross income for the taxable years 1990, 1991, and 1992 in the amounts of $20,436, $107,301, and $27,381, as determined in the notice of deficiency.

Section 61 defines gross income as income from whatever source derived. The Supreme Court has held that, when earnings are acquired, lawfully or unlawfully, without a consensual recognition of an obligation to repay and without restriction on their disposition, there is income to the taxpayer even though he may be required to pay restitution at a later date. James v. United States, 366 U.S. 213, 219 (1961). This proposition has been extended to cover situations where the taxpayer "obtained loans in bad faith without an intent to repay them," as well as where the taxpayer obtained money by embezzlement, as in the James case. United States v. Swallow, 511 F.2d 514, 519-520 (10th Cir. 1975). The evidence establishes that petitioner received wage and interest income of $20,436 in 1990. In 1991, petitioner received $92,000 of embezzlement income as well as wage and interest income of $15,301. Further, the evidence establishes

that, for the taxable year 1992, petitioner received $15,000 in embezzlement income, $1,381 in wage income, and $11,000 in taxable cash receipts. Based on the admitted facts, we sustain the deficiencies for 1990, 1991, and 1992, as determined in the notice of deficiency.

B.  Additions to Tax for Fraud

The second issue is whether petitioner is liable for the additions to tax for fraud under section 6651(f). Section 6651(f) provides for a maximum addition to tax of 75 percent if any failure to file is fraudulent.

The additions to tax in the case of fraud are civil sanctions provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and for the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Respondent has the burden of making a clear and convincing showing that the failure to file a Federal income tax return for each year was due to fraud. See Rule 142(b); sec. 7454(a). Fraud is intentional wrongdoing on the part of the taxpayer with the specific purpose of evading a tax believed to be owing. Petzoldt v. Commissioner, 92 T.C. 661, 698 (1989). Fraud is shown by proof that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of his taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81. In

evaluating petitioner's fraudulent intent under section 6651(f), we consider the same elements as are relevant for section 6663 and former section 6653(b).  See Clayton v. Commissioner, 102 T.C. 632, 652-653 (1994).

Over the years, courts have developed a number of objective factors, or "badges", that tend to establish fraud.  Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).  These badges include: (1) A pattern of understatement of income, (2) inadequate books and records, (3) failure to file tax returns, (4) concealment of assets, (5) failure to cooperate with tax authorities, (6) income from illegal activities, (7) implausible or inconsistent explanations of behavior, (8) an intent to mislead which may be inferred from a pattern of conduct, (9) lack of credibility of the taxpayer's testimony, and (10) dealings in cash.  Laurins v. Commissioner, 889 F.2d 910, 913 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo. 1987-265; Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir. 1987), affg. T.C. Memo. 1986-223; Petzoldt v. Commissioner, supra at 699; Rowlee v. Commissioner, 80 T.C. 1111, 1125 (1983).  Though this list of the badges of fraud is nonexclusive, it is illustrative.  Miller v. Commissioner, 94 T.C. 316, 334 (1990).

Respondent based the Motion for Summary Judgment on the facts set forth in respondent's requests for admission, which were deemed admitted.  Matters deemed admitted pursuant to Rule 90 are conclusively established and may be sufficient to support

the granting of a motion for summary judgment.  Morrison v. Commissioner, 81 T.C. 644, 651 (1983).  Respondent may establish fraud by relying on facts deemed admitted under Rule 90(c). Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985); Doncaster v. Commissioner, 77 T.C. 334, 336 (1981).

Respondent has established through petitioner's deemed admissions that petitioner's failure to file a Federal income tax return for each of the taxable years 1990, 1991, and 1992 was fraudulent.  Respondent has demonstrated petitioner's fraudulent intent by establishing "badges of fraud".

The deemed admissions establish that petitioner failed to file Federal income tax returns from taxable year 1986 through taxable year 1992.  Petitioner received payroll checks and Forms W-2 from Prudential in 1990, 1991, and 1992.  Petitioner also submitted a false Form W-4 to Prudential for taxable year 1990. Further, from 1991 to 1992, petitioner converted to his own use $107,000 that he received from elderly individuals in his capacity as a Prudential insurance agent.

To avoid summary judgment, petitioner must set forth specific facts showing that there is a genuine issue for trial and cannot rely upon mere allegations and denials in his petition.  Rule 121(d); O'Neal v. Commissioner, 102 T.C. 666, 674 (1994).  Petitioner has failed to refute the material facts on which respondent's fraud claims are based for the taxable years 1990, 1991, and 1992.  Through the deemed admission of facts set

forth in respondent's requests for admission, respondent has established by clear and convincing evidence that petitioner's failure to file Federal income tax returns for the years in issue was fraudulent. Thus, we shall grant respondent's Motion for Summary Judgment and sustain the additions to tax for fraud asserted in respondent's Amended Answer to Amended Petition for the taxable years 1990, 1991, and 1992. Because we are granting respondent's Motion for Summary Judgment for the additions to tax for fraud, we do not need to consider respondent's alternate position that petitioner is liable for additions to tax under section 6651(a)(1).

To reflect the foregoing,

An order granting respondent's Motion for Summary Judgment will be issued, and decision will be entered for respondent.